F. T. SELF, plaintiff in error, *vs.* DUNN & BROWN, defendants in error.

One who keeps a ferry for his own use and for the convenience of customers to his mill, but who charges no ferriage, is not a common-carrier, and is only bound to ordinary diligence.

Carriers.    Common-Carriers.    Before Judge PARROTT. Catoosa Superior Court.    September, 1870.

Dunn & Brown had a mill, and to make it more accessible, had a flat for their customers to go to it across the pond. Self went there, procured his load, and, when re-entering the ferry to return, the flat got loose, while his mules were on it and his wagon on land, and the mules were drowned. He

Self vs. Dunn & Brown.

sued Dunn & Brown as carriers for hire, averring the hire to be the custom obtained by the ferry. The evidence important for our purpose showed the following facts: The ferry was not chartered, but private; no toll was charged upon it, but it did increase the custom of the mill, by rendering the mill more accessible to certain customers. Defendant's counsel requested the Court to charge that, "if this was a private ferry, built by defendants for the accommodation of themselves and a portion of their customers, to the mill, and defendants did not charge toll or compensation for putting persons over on said flat, and charged plaintiff nothing for carrying him over, defendants are not bound to the diligence of a common-carrier, nor of a carrier for hire, but were only bound to use slight care, and liable for gross neglect."

The Court refused so to charge, but charged: "If defendants established their ferry for the accommodation of their customers, and thereby persons were induced to go to their mills, they were common-carriers for such persons, and if plaintiff was their customer, they were bound to extraordinary diligence, and liable for any loss accruing to their customers, without fault of the customers. Ferrymen are common-carriers. Common-carriers are bound to extraordinary diligence. If the ferry was a gratuity; that, is by it, no benefit accrued to defendants, no custom was brought to their mill, they would not be common-carriers, and would be bound to only ordinary diligence," and vice versa.

The jury found for the plaintiff. A new trial, upon the grounds, that the Court erred in not charging as requested, and in charging as he did, etc., was granted. That is assigned as error.

A. T. HACKETT; W. H. DABNEY, for plaintiff in error. Ferryman bound for neglect, etc.: R. Code, sec. 750. Private ferryman may be common-carrier: Ang. on L. of Car., marg. p., 82, sec. 734. What is hire: Story on Bailm., 469 and note, 495 and note; Ang. on L. of Car., 113, note 1.

McCutchen & Shumate, for defendants.` Who is a common-carrier: Story on Bailm., sec. 495; Ang. on Carriers, sec. 68; R. Code, secs. 2039, 2040. When ferryman is common-carrier: Ang. on Car., sec. 82. Private carriers: Ang. on Car., secs. 123, 124; Story on Bailm., sec. 508; R. Code, sec. 2043.

McCay, J.

As a general rule, a ferryman is a carrier, and, under certain circumstances, he is a common-carrier: Angell on Carriers, section 82. But a carrier is one who transports goods *for hire*: Revised Code, section 2039. A common-carrier is one who pursues the business constantly or continuously, for any period of time or any distance of transportation: Code, section 2040. One who " pursues the business." What business? The business of carrying goods *for hire*. A carrier is bound to ordinary diligence. A common-carrier can give no excuse for loss or damage but the act of God and the enemies of the State, and even then he must use extraordinary diligence: Revised Code, sections 2039, 2040. And this is but a restatement of the common law, by Jones, Story, Angell and other writers upon the subject. To make one a common-carrier, he must be entitled, either by the bargain or by implication, to toll or hire.

This whole question, in a case very like this, in all its details, was before the Supreme Court of South Carolina, in the case of Littlejohn vs. Jones, 2 McMullin's Reports, 366. That was a case of a ferry—a private ferry—used like this, as an appendage to a mill. There, however, it often happened that persons, other than customers to the mill, passed and paid ferriage; but it was understood that the payment was optional, and went to the servant, the main purpose of the ferry being to pass the customers to the mill. The Court held, in that case, that the mere fact that persons paid was not sufficient; the circumstances must be such, as that there

is either an express or an implied promise to pay.   The use of it, as an appendage to the mill, did not alter the case.

The ferryman, in this case, was a mere *mandatary*, a bailee, not for hire, and is only liable for gross negligence: Revised Code, 2078.   This was not even a chartered ferry, but a simple accommodation of the mill-owner to his customers.   It is very subtle reasoning to say that the increased custom to his mill was his compensation.   But one rarely does any act of favor to others that does not, at length, repay him.   Is it fair to call that hire?   We have given a good deal of search to find a case where such incidental benefits, coming to a mandatary, have been held to change his character and make him a bailee for hire, but have found none.

We think the charge was wrong on this point.   The defendant was only liable for gross neglect, unless he was in the habit of charging toll: Revised Code, section 734.

Judgment reversed.