WILLIAM A. BREE, ADMINISTRATOR (ESTATE OF
BURTUS D. SHEPHERDSON) *vs.*
FERDINAND R. LAMB.

MALTBIE, C. J., HAINES, HINMAN, BANKS and AVERY, Js.

Argued March 5th—decided May 7th, 1935.

(1)

*Joseph B. Morse,* with whom, on the brief, was *Daniel D. Morgan,* for the appellant (defendant).

*William J. Carrig,* for the appellee (plaintiff).

BANKS, J. Plaintiff's intestate received fatal injuries when an automobile in which he was riding and which was driven by the defendant skidded upon the wet surface of the road, left the highway and ran into a fence. It was the contention of the defendant that plaintiff's intestate was his guest within the meaning of § 1628 of the General Statutes, which denies recovery for injuries sustained by a guest unless the accident was intentional or caused by heedless and reckless disregard of his rights. Defendant assigns as error the action of the trial court in submitting this issue to the jury, and its refusal to set aside the verdict on the ground that upon the evidence it appeared that plaintiff's intestate was a guest as a matter of law. The jury could reasonably have found the following facts relevant to this issue: On the date of this accident defendant, plaintiff's intestate, and two other men, all employees of Sears, Roebuck Company, were en route from New Haven to Springfield in a car owned and operated by the defendant. Defendant was district manager of the New Haven district of the company, comprising some thirty stores in Connecticut and Massachusetts. He had called a business

meeting of various employees of the company to be held that day at Springfield. Plaintiff's intestate and the other two members of the party were his subordinates, and it was their duty as employees of the company to attend the meeting. The four men had lunch together in New Haven on the day the meeting was to be held. Each owned and operated his own car and was given an allowance of five cents a mile toward the expense of its operation on company business. One of the men, Thomas, spoke of getting his car and the defendant said they were all to ride with him. Thomas regarded this as an order, and all four men started off in defendant's car. It was the duty of the defendant to conduct the business of the company in his district as economically as possible and the methods and manner of increasing the business of the company were discussed at the meetings called by him.

The cases in which we have considered the question of the character of the relationship requisite to constitute one a guest in an automobile within the meaning of our statute are reviewed in the recent case of *Chaplowe* v. *Powsner*, 119 Conn. 188, 175 Atl. 470. It is unnecessary to elaborate upon what is there said. If the passenger in the car is enjoying the hospitality of the driver or owner without making any return therefor or conferring any benefit other than the pleasure of his company, he is a guest. If he is being transported for the mutual benefit of himself and the driver or owner of the car, he is not a guest. The benefit must be a tangible one growing out of a definite relationship. It may be incidental to such relationship. It need not be a consideration agreed upon for the transportation. *Chaplowe* v. *Powsner,* supra, and cases there cited. Whether one is a guest must often resolve itself into a question of fact for the jury under appropriate instructions from the court. *Kruy* v.

*Smith,* 108 Conn. 628, 630, 144 Atl. 304; *Russell* v. *Parlee,* 115 Conn. 687, 163 Atl. 404. The relationship of plaintiff's intestate and defendant was not that of employee and employer; they were both employees of Sears, Roebuck Company. But this trip was an incident of the intestate's employment. It was a business trip which he was required to take, and which he was taking at the direction of the defendant, who was his superior officer. If the jury found that in riding in defendant's car he was following the latter's instructions, they might well find the existence of a definite relationshp which was not that of a host and his guest, since the plaintiff's intestate was obeying defendant's orders and was not exercising the freedom of choice of one who accepts the hospitality of another. The court did not err in submitting this question to the jury as one of fact, or in refusing to set aside the verdict on the ground that the jury could not reasonably have found the plaintiff's intestate was other than a guest of the defendant upon this trip.

The court instructed the jury that there was no evidence of wanton misconduct and that if they found that plaintiff's intestate was a guest they should bring in a verdict for the defendant. The verdict for the plaintiff imports that the jury found that his intestate was not a guest and that the defendant was guilty of negligence. One of the grounds upon which the defendant appeals from the denial of his motion to set aside the verdict is that upon the evidence the jury could not reasonably have found that he was negligent. Upon this issue the jury could reasonably have found the following facts: Shortly after the party left New Haven it began to rain and the rain became so heavy that they stopped for a while under a tree. They then proceeded on their trip with the car, traveling in "free wheeling," a device that disengages the

gears and allows the car to run without the braking power of the engine. One rear tire of the car was worn smooth and the other nearly so. The highway was of cement, twenty feet wide with five foot shoulders. The shoulders had been oiled. The surface of the road was wet, and some of the oil from the shoulders had been tracked upon it, its presence being indicated by little water spots on the road, which was very slippery. The car was descending a long and gradual incline, at the bottom of which there was a slight curve to the left, and was traveling at the rate of thirty-five or forty miles an hour. Plaintiff's intestate called out to the defendant, "Look out, Mr Lamb," as the car began to skid. It skidded first to the right, then to the left, turned completely around and crashed through a highway fence on its left side of the road and partly down an embankment. There was a skid mark extending from about the center of the highway about twenty feet diagonally across it to the westerly edge of the concrete at a point about twenty-nine feet from where the car came to a stop. Four posts and about thirty-nine and a half feet of railing of the state highway fence were demolished. Upon these facts the jury could reasonably have reached the conclusion that the defendant's operation of the car at this rate of speed down this wet and slippery incline with the gears disengaged was, under the existing conditions, such that he negligently failed to keep it under proper control, resulting in the skidding which was the immediate cause of the accident. The trial court properly denied the motion to set the verdict aside.

The charge of the court as to the tests to be applied in determining whether or not plaintiff's intestate was a guest was largely in the language of defendant's request. It stated the rules we have adopted in con-

struing the statute clearly and correctly and was sufficient for the guidance of the jury.

In this portion of its charge the court said: "It must be, as argued by Mr. Carrig, that there is some benefit to him [Lamb], and that that has been proved by the plaintiff through his position in the company of the Sears, Roebuck Company." The context makes it clear that this was not, as contended by the defendant, an instruction that the defendant received a benefit because of his position with the company. In this portion of the charge the jury were clearly told that, since defendant was not receiving any direct monetary consideration for the transportation, before they could find that plaintiff's intestate was not a guest it must appear that there was some benefit to him, and that that must be a benefit, as claimed by counsel for the plaintiff, arising out of his position in the company, and the jury were told that it was for the plaintiff to prove such benefit. Of this the defendant could not complain. Other assignments of error in the charge do not require discussion.

There is no error.

In this opinion the other judges concurred.