JOSEPH AUDIA *vs.* GUIDO DEANGELIS ET AL.

MALTBIE, C. J., HINMAN, BANKS, AVERY and BROWN, Js.

Argued April 6th—decided May 14th, 1936.

*Thomas F. Wall,* with whom, on the brief, were *Thomas J. Wall* and *Robert A. Wall,* for the appellant (plaintiff).

*Hugh J. McGill*, with whom was *Frederick W. Dauch*, for the appellees (defendants).

HINMAN, J. The plaintiff, a boy fourteen years of age, lived on East Main Street in Torrington directly across the street from the retail grocery and meat store owned by the defendant Alfred DeAngelis, by whom the defendant Guido DeAngelis was employed. The duties of the latter included the delivery to customers of goods ordered by them, and for that purpose he operated a light truck which was involved in a collision, on November 17th, 1934, with another automobile and the plaintiff, who was riding in the truck, was injured. The circumstances of the boy's presence in the car at the time as disclosed by the evidence are that on that day the defendant's truck was parked on the opposite side of the street from the store, in front of the plaintiff's home. Guido came from the store, and seeing the plaintiff asked him if he wanted to "go in the car." The boy replied, "Sure," and did so. Guido drove to another store, some distance away, to get some tapioca, ordered by a customer, which De-Angelis did not have in stock. On arrival at this store Guido asked the plaintiff to go in and get the tapioca for him. The plaintiff went into the store and asked for it but this store, also, had none and he returned to and entered the car and so reported to Guido, who then resumed deliveries, the plaintiff riding with him. Shortly thereafter the collision occurred.

The plaintiff also testified that prior to that day he had similarly ridden in the truck with Guido, two or three times a week, after school, since school opened in September, and more frequently in the summer. There was indication in his testimony that he also had ridden in the same way in several previous years. He also testified that while he was so riding he some-

times assisted Guido in making deliveries, "If he had to bring big bundles into the house he let me take something little to another place." The testimony of Guido, on this phase of the case, was that when the plaintiff rode with him he merely took him for an "enjoyment ride" and while so riding he delivered orders occasionally. On rebuttal the plaintiff testified that Guido once in a while would pay his way into moving pictures and occasionally gave him some fruit.

During arguments on a motion for a nonsuit, made at the conclusion of the plaintiff's evidence, the trial court inquired of plaintiff's counsel what he claimed constituted the "mutual benefit of the plaintiff and the defendant" for which, the complaint alleged, the plaintiff was transported. Counsel replied, "The ride and the experience" to the plaintiff, and to the defendants that he was acting as an errand boy. Further colloquy developed that plaintiff's counsel conceded that the requisite showing of benefit to the defendant would not accrue from the one errand on the day in question but would require proof of a course of conduct showing that the plaintiff acted in the regular capacity of an errand boy for the defendants. The trial court states in the memorandum of decision setting aside the verdict that it felt that the motion for a nonsuit might well have been granted on the ground that no tangible benefit to either party had been shown but, nevertheless, allowed the trial to proceed and the case to go to the jury. The purpose of the evidence subsequently offered by the plaintiff, under the doubtful guise of rebuttal, that Guido sometimes had given him fruit and admissions to moving pictures, evidently was an attempt to show a tangible benefit accruing to him.

We agree with the trial court's view, expressed in the memorandum, that the evidence was not such as

to enable the jury reasonably to find such "mutual benefits," "growing out of a definite relationship," as is required, under our statute (General Statutes, § 1628) and decisions to remove the plaintiff from the category of a guest. *Bree* v. *Lamb*, 120 Conn. 1, 3, 178 Atl. 919; *Chaplowe* v. *Powsner*, 119 Conn. 188, 190, 175 Atl. 470, and cases cited. The only reasonable conclusion deducible from the evidence was that the rides, and the gifts as well, were given by Guido from hospitable, neighborly and friendly motives only and that the rides were accepted by the plaintiff purely for his pleasure; also, as is indicated by the plaintiff's ingenuous statement in his testimony that Guido "let" him deliver packages from truck to customers, that the motive in so doing was to give the boy a natural pleasure and satisfaction, rather than induced by any incidentally involved benefit to the defendants. Transportation was not furnished to the plaintiff as in *Russell* v. *Parlee*, 115 Conn. 687, 693, 163 Atl. 404, because or in contemplation of a benefit to the defendants by expediting the latter's work; moreover, the relation between the present plaintiff and defendants, as above indicated, was not comparable to that existing in that case. The like is true as to *Kruy* v. *Smith*, 108 Conn. 628, 144 Atl. 304. Rather, we have here, plainly, not even the "reciprocal hospitality" found present in *Chaplowe* v. *Powsner*, supra, but a friendly and neighborly hospitality on the part of the defendants and, at most, occasional voluntary and incidental assistance on the part of the plaintiff. The situation depicted by the evidence, viewed in aspects most favorable to the plaintiff, lacks, as was said (p. 193) of the finding in that case, "such definite relations, contractual or otherwise, and . . . such tangible mutual benefits as the statute contemplates in order to

remove the plaintiff from the status of a guest and the consequences attaching thereto."

As there is no claim of such misconduct as, under the statute, would render the defendants liable to a guest, the sustained conclusion that the evidence did not warrant the jury in finding the plaintiff to have been other than a guest affords sufficient ground for the setting aside of the verdict, and there is no occasion to consider the further ground, also adopted by the trial court, that the evidence could not support a conclusion that the defendants were negligent.

There is no error.

In this opinion the other judges concurred.