Argued January 25, affirmed March 21, 1950
KUDRNA *v.* ADAMSKI
216 P. (2d) 262

*David Spiegel* argued the cause for Respondent. On the brief were Lenske, Spiegel, Spiegel & Martindale, of Portland.

*Randall B. Kester,* of Portland, argued the cause for Appellant. With him on the brief were James J. Kennedy and Maguire, Shields, Morrison & Bailey, of Portland.

Before Lusk, Chief Justice, and Brand, Belt, Rossman and Hay, Justices.

LUSK, C. J.

Plaintiff, a minor, by her guardian ad litem, recovered a judgment for personal injuries sustained in an automobile accident which occurred while the plaintiff was the occupant of an automobile driven by the defendant. The defendant has appealed, assigning as error the court's denial of his motion for a directed verdict.

The sole question for decision is whether the plaintiff, at the time of the accident was being transported by the defendant as his "guest", as that word is used in § 115-1001, O. C. L. A. If so, then the defendant was entitled to a directed verdict, for there is no evidence that the accident was intentional on his part or caused by his gross negligence or intoxication, or his reckless disregard of the rights of others. If, however, the plaintiff was not a guest, but sustained some other relation to the defendant, the court was right in submitting the question of the defendant's ordinary negligence to the jury and the judgment should be affirmed.

The controlling facts are not in dispute. At the time of her injury the plaintiff, Dolores Kudrna, was four years of age. The defendant is her uncle, the brother of her mother, who was killed in the accident. The automobile was owned by the child's father. An appointment had been arranged for Dolores with a doctor in Eugene, and the trip was made for the purpose of keeping this appointment. Mrs. Kudrna did not drive the car because she had no driver's license, and the defendant drove at the request of both Mr. and Mrs. Kudrna as a "family courtesy". En route to Eugene the right rear wheel of the car got onto the shoulder of the highway. In the driver's effort to bring it back onto the pavement the car went out of control and crashed on the other side of the road.

The statute reads:

"No person transported by the owner or operator of a motor vehicle as his guest without payment for such transportation shall have a cause of action for damages against such owner or operator for injury, death or loss, in case of accident, unless such accident shall have been intentional on the part of said owner or operator or caused by his gross negligence or intoxication or his reckless disregard of the rights of others." § 115-1001, O. C. L. A.

At the trial counsel for the plaintiff contended, as we are advised, that the guest relationship depends upon the existence of a contract between the owner or operator of the car and the person transported, and that, as the plaintiff was a minor and incapable of contracting, the relationship did not and could not arise. That position has now been abandoned, rightly as we think, and the contention here is that a child only four years of age is incapable of being a guest because such

a child is too young voluntarily to assume that relationship.

There is no Oregon case directly on the point, though there are several decisions in which minors were treated as guests. *Lawry v. McKennie,* 177 Or. 604, 164 P. (2d) 444 (twelve-year-old girl); *Cockerham v. Potts,* 143 Or. 80, 20 P. (2d) 423 (nine-year-old boy); *Rauch v. Stecklein,* 142 Or. 286, 20 P. (2d) 387 (nineteen-year-old boy). In none of them, however, was the question of their status drawn in issue or discussed, and in none was the guest a very young child. They throw no light on the question.

■ Referring to the evils which brought about the enactment of the guest statute, we said in *Albrecht v. Safeway Stores, Inc.,* 159 Or. 331, 336, 80 P. (2d) 62:

> " * * * It was not considered just that one who accepts the kindness or hospitality of an automobile owner or operator, in extending an invitation to ride, should recover damages for personal injuries unless the same resulted from gross negligence, intoxication, or an intentional wrong."

See, to the same effect, *Crawford v. Foster,* 110 Cal. App. 81, 87, 293 P. 841; *Chaplowe v. Powsner,* 119 Conn. 188, 175 Atl. 470, 471.

In the Albrecht case (p. 337) the word "guest", as used in the statute, was said to mean "one who accepts a ride in any motor vehicle without payment therefor, and for his own pleasure or business. He is the recipient of the hospitality of the owner or driver".

■ Thus, the statute implies that in order to become a guest one must exercise a choice in the matter, and we think that a four-year-old child has not the legal capacity to exercise such a choice, just as he is incapable of negligence. *Macdonald v. O'Reilly,* 45 Or. 589, 599,

78 P. 753. See *Fuller v. Thrun,* 109 Ind. App. 407, 31 N. E. (2d) 670, where the court, in holding that a child six years of age was incapable of being a guest, said:

> "If children under seven years of age are conclusively presumed to be incapable of committing crime and if they are conclusively presumed to be incapable of contributory negligence, it would seem that this age limit should also be adopted in determining whether or not a child of tender years can be a guest."

In any event a four-year-old child, who enters an automobile in the custody of a parent or other custodian, does not do so of its own free will and cannot be said to have accepted an invitation to ride from the owner or operator of the car. Thus, in *Hart v. Hogan,* 173 Wash. 598, 24 P. (2d) 99, a twelve-year-old girl in the custody of her mother, was held not to be the guest of the owner of an automobile, the court saying that she "was an involuntary occupant of the automobile. She had no option other than to accompany her mother."

A like result was reached in *Rocha v. Hulen,* 6 Cal. App. (2d) 245, 44 P. (2d) 478. A five-year-old child had been injured at a picnic, and, without the knowledge or consent of its parents, was taken by the defendant into his automobile and was being transported to a hospital when an accident occurred. Expressing a doubt as to whether a child that young could give consent to the transportation, the court placed its decision upon the ground that the child in fact did not give its consent but was an "involuntary occupant of the vehicle". It was said that the statute "imports both a knowing and a voluntary acceptance, and does not include either (an) involuntary or a forced ride", and the court added

"that a five year old child has no capacity to 'accept', in any legal sense." See, also, *Kastel v. Stieber*, 215 Cal. 37, 8 P. (2d) 474, same case below, (Cal. App.) 297 P. 932. *Rocha v. Hulen* is sought to be distinguished because the California statute reads, "any person who as a guest *accepts* a ride in any vehicle", etc. (italics added); while our statute does not contain the word "accepts". But, as we have seen, this court has defined a guest as one who "accepts" a ride, so that the suggested ground of distinction does not exist.

The defendant was not the plaintiff's host because "he had no right to say who should ride in the car; and hence could not have invited plaintiff to ride." *Richards v. Parks*, 19 Tenn. App. 615, 93 S. W. (2d) 639. While Mr. Kudrna was owner of the car, Mrs. Kudrna was not his guest at the time of the accident nor was she the guest of the defendant, the driver. The trip was taken for the purpose of accomplishing a particular piece of business in which she and her husband were jointly interested. Together they engaged the services of the defendant as driver. He was their agent, and they were joint principals in the enterprise. The authorities support this view.

In *Herzog v. Mittelman*, 155 Or. 624, 65 P. (2d) 384, 109 A. L. R. 662, the owner of an automobile in which he and three friends, his guests, were taking a trip, turned the wheel over to one of the guests, and, while the latter was driving, an accident occurred in which another guest was injured. He sued the driver, and we held that the latter was the agent of the owner in the operation of the car and entitled to such immunities as were not personal to the principal. Hence, the plaintiff was required to prove gross negligence in order to recover.

In *Gledhill v. Connecticut Company*, 121 Conn. 102, 183 Atl. 379, two friends started out on a fishing trip in an automobile owned by one of them. At the request of the owner of the car his friend drove and an accident occurred in which the owner was killed. In an action brought to recover for his death a contention that he was the guest of the operator of the car at the time of the accident was rejected, the court saying "the most that is indicated is that Graham (the defendant) was performing a gratuitous service for Gledhill (the deceased)."

In *Richards v. Parks*, supra, which was relied on by this court as authority in the Mittelman case, a mother planned and arranged an automobile trip for herself and her husband and their two children. The defendant Richards was taken along to assist in the driving. He was furnished his transportation and lodging. While he was driving one of the children, a twelve-year-old boy, was injured in an accident which occurred in the state of Virginia, where there is no automobile guest statute but the common law gross negligence rule prevails. The boy sued Richards. It was held that Richards, a mere agent with no right of control, was not the boy's host because "The relation of host and guest presupposes (1) that the host has a right to extend hospitality to the guest at the particular place where he is invited to be present, and (2) that an invitation, express or implied, has been given."

It was further held, however, that the boy was his mother's guest. The court said that, while the child could not be the guest of its parents in their home, "the case is different where the parent goes beyond the ordinary and usual obligations and duties incident to the relationship of parent and child and invites the

child, as a voluntary act, to partake of some unusual and exceptional pleasure, as in this case.'' In that particular the case differs from this one.

The conclusion from the principles enunciated in these decisions is that the defendant in the operation of the automobile was the agent of Mrs. Kudrna; that he was not the host of the minor plaintiff, Dolores Kudrna; and that the latter, as we have seen, was not the guest of her mother and (assuming that an action by a child against its mother could be maintained) would not have been required to prove gross negligence in an action against her mother. She may recover for ordinary negligence in this action against the defendant, her mother's agent.

The result would be the same if it were held that the child had the same status as its mother, since she was in her mother's immediate custody. There is some indication that this is the theory on which *Hart v. Hogan,* supra, was decided. The case is so interpreted in *Morgan v. Anderson,* 149 Kan. 814, 89 P. (2d) 866. An analagous case is *Weston v. Hospital of St. Vincent,* 131 Va. 587, 107 S. E. 785, 23 A. L. R. 907, which deals with the immunity of a charitable institution from liability for tort where the action was brought to recover for the death of an infant patient born in the hospital. The will of the parents was held to be controlling, and ''if the action of the parents was an assumption of risk on the part of the mother, it was on behalf of the child also, and they had the power to make it.''

Some of the decisions cited by the defendant will be considered. *Morgan v. Anderson,* supra, arose on demurrer to the petition. The case involved a seven-year-old child who, while visiting the defendant and

the latter's sisters, went on an automobile trip with them. The child was injured in an accident which occurred while the defendant was driving. The court held that the child was the defendant's guest, and sustained the demurrer because the petition did not allege gross negligence. "The weight of authority", it was said, "is that a minor as well as an adult can be a 'guest' even though unaccompanied by a parent or guardian and even though no express consent of parent or guardian has been shown." The court assumed that the child was visiting the defendant and his sisters with the consent of the mother and that the automobile trip was taken with the mother's implied consent. These facts, dwelt upon in the opinion, differentiate. the case. We do not decide that a child of tender years cannot, under any circumstances, be a guest.

*Audia v. De Angelis,* 121 Conn. 336, 185 Atl. 78, was an action by a minor aged fourteen, and *Shiels v. Audette,* 119 Conn. 75, 174 Atl. 323, an action by a minor aged thirteen. The courts' decisions that these children were guests do not conflict with what we decide here. And it is pertinent to observe that the Connecticut court holds that one who rides in an automobile, not of his own free will but because in doing so he follows the instructions of another, might be found not to be a guest, since he "was obeying defendant's orders and was not exercising the freedom of choice of one who accepts the hospitality of another." *Bree v. Lamb,* 120 Conn. 1, 178 Atl. 919.

In *Tilghman v. Rightor,* 211 Ark. 297, 199 S. W. (2d) 943, the court held that a seven-year-old boy, who had "hitch hiked" a ride, was a guest because "the statute makes no exception in favor of minors and we have no authority to write that exception into the statute."

Whether a distinction is to be made in cases of this kind between seven years and four years we need not consider. In any event, the facts of the Arkansas case are wholly different from the facts here. And, in our view, it is not a question of reading exceptions into the statute so much as one of construing its language in the light of its purpose to determine what the legislature meant by the word "guest".

In *Linn v. Nored,* (Tex. Civ. App.) 133 S. W. (2d) 234, it was decided that an intoxicated man was within the guest statute. The point presented was that becoming a guest was a matter of contract, and the court held that it was not. The guest in this case was a friend of the driver of the car. He had been with him most of the day. He got into the car under his own "power", as the court put it, and his mind had not become a "complete blank". There is discussion in the opinion which tends to support the view that a minor child, no matter of how tender years, can be a guest. The decision itself, however, is hardly authority for that proposition, and, in view of its facts, the case is not in conflict with what we hold here.

■ There are also cases arising in Massachusetts, not under statute, but under the common law of that state, "that the operator of a motor vehicle, by analogy to the liability of a gratuitous bailee, is liable for injuries resulting from his gross negligence to an invited person whom he is transporting gratuitously." *Cook v. Cole,* 273 Mass. 557, 174 N. E. 271. See *Balian v. Ogassin,* 277 Mass. 525, 179 N. E. 232; *Marshall v. Carter,* 301 Mass. 372, 17 N. E. (2d) 205; *West v. Poor,* 196 Mass. 183, 81 N. E. 960, 124 Am. St. Rep. 541, all of which involved children of tender years. The somewhat similar common law rule which prevails in Michi-

gan was applied to the case of a five-year-old child in *Eisenhut v. Eisenhut*, 212 Wis. 467, 248 N. W. 440, 250 N. W. 441, 91 A. L. R. 549. It is sufficient to say, as to all these cases, that, for one reason or another, they are distinguishable from the case at bar not only on their facts, but, as counsel for the defendant concede, because they were decided under common law rules and not under a statute, the construction of which ''should not be extended beyond the correction of the evils and the attainment of the permissible social objects which, it may be assumed, were the inducing reasons for its enactment.'' *Russell v. Parlee*, 115 Conn. 687, 163 Atl. 404; *Gledhill v. Connecticut Company*, supra; *Silver v. Silver*, 280 U. S. 117, 122, 74 L. ed. 221, 50 S. Ct. 57, 65 A. L. R. 939.

■ This case has been well presented, both on the oral argument and in the briefs. All the contentions of counsel, as well as the authorities cited, have received our careful consideration. For the reasons stated, we are of the opinion that the Circuit Court did not err in denying defendant's motion for a directed verdict and in submitting the case to the jury to determine whether plaintiff's injury was caused by the defendant's ordinary negligence.

The judgment is, therefore, affirmed.