Argued December 12, 1956, affirmed February 6, 1957

## WELKER, Administrator *v.* SORENSON

306 P. 2d 737

*Robert M. Stults,* Roseburg, argued the cause for appellant. With him on the brief was D. R. Dimick, Roseburg.

*Ronald G. Davis* argued the cause for respondent. On the brief were Long, Neuner & Davis and Donald A. Dole, Roseburg.

Before Tooze*, Acting Chief Justice, and Lusk, Brand and McAllister, Justices.

LUSK, J.

Plaintiff, Glenn H. Welker, administrator of the estate of Pete Welker, deceased, has appealed from a

---

* Died December 21, 1956.

judgment for the defendant in an action to recover damages for death by wrongful act.

The following statement of the case, taken from the defendant's brief, accurately and concisely states the facts out of which the question for decision arises:

"On June 15, 1953, Mrs. Arlene Welker was a guest passenger in an automobile operated by the defendant, Charles Lowell Sorenson. Accompanying Mrs. Welker were her two children, Randy Welker, age two months, and Pete Welker, age twenty-nine months. During the trip an accident occurred in which both children lost their lives. The trial Court ruled that the children were guest passengers and so instructed the jury. To this ruling, the plaintiff duly excepted, contending that children of tender years were incapable of accepting the invitation of a host, and therefore, could not be guest passengers."

From the foregoing it will be seen that the issue is whether a child 29 months old is a guest passenger (within the meaning of our "guest" statute, ORS 30.110) of the operator of an automobile when the child is in the automobile in the custody of the mother, who was a guest passenger.

The identical question, under similar facts, was presented in *Buckner v. Vetterick*, 124 Cal App2d 417, 269 P2d 67, and the court held that the child's status was determined by that of the mother. After referring to the policy of the guest statute as explained in previous decisions of the California courts, it was said:

"* * * Thus, under the legislatively declared public policy of this state, the mother of plaintiffs, who was injured in the accident, cannot recover from the defendant. As their mother she had the responsibility of their care and direction. It was her decision that determined whether they should

go on this trip. In accepting the ride for herself and deciding to take the children along she also accepted for them. Otherwise, we would have the anomalous situation of the mother who made the decision being a guest and her infant children not being guests and their status with respect to the operator of the car being different from that of their mother, with the result that during the trip the driver would owe a different degree of care to the children from that which was owed to their mother. Such a differentiation is both illogical and out of harmony with the purpose of section 403 of the Vehicle Code. It would leave a segment of 'the mischief' at which the statute was aimed uncorrected. It would therefore seem both reasonable and logical to say that when a parent accepts a ride as a guest of the operator of a motor vehicle and takes along her small children she also accepts the ride for them and they have the same status with relation to the driver on such ride that the parent has. Therefore, since the mother was a guest, the children were guests and none of them could recover as only simple negligence was involved.''

We agree with the California decision and the reasoning upon which it is based. We think that it does not conflict with *Kudrna v. Adamski,* 188 Or 396, 216 P2d 262, upon which the plaintiff relies. We there held that a four-year-old child has not the legal capacity to ''accept'' an invitation to be a guest passenger, since it is too young to exercise a choice in the matter. 188 Or at p 399. The facts in the Kudrna case were that the child was in the automobile in the custody of her mother, but the mother was not a guest, for the driver was her agent and had no right to say who should ride in the car. We did not place the decision squarely on the ground that the child's status was that of the mother, but we did say that ''The result would be the same if it were held that the child had the same status

as its mother" (188 Or at p 403), and we added, "We do not decide that a child of tender years cannot, under any circumstances, be a guest" (188 Or at p 404).

Here it is undisputed that the mother of Pete Welker was a guest of the defendant at the time of the accident. Her children, who were in her custody, were for that reason likewise guests, and the court below committed no error in so ruling.

In *Kudrna v. Adamski* we reviewed the authorities bearing on this subject at some length, and we deem it unnecessary to go over that ground again. Reference is made, however, to the annotation to the Kudrna case in 16 ALR2d 1304.

The judgment is affirmed.