## 38365. CHANCEY v. COBB.

DECIDED OCTOBER 5, 1960—REHEARING DENIED OCTOBER 26, 1960.

*E. Way Highsmith, Anthony A. Alaimo,* for plaintiff in error.

*Gowen, Conyers, Fendig & Dickey, Chris Conyers, Reid W. Harris,* contra.

CARLISLE, Judge. The facts of this case, insofar as they are concerned with the question sought to be presented by the assignments of error are as follows: The defendant, Charles Cobb, Jr., invited the deceased Penelope Chancey, to accompany him and his wife to a watermelon cutting. The plaintiff, Mrs. Chancey, the sister of the defendant and the child's mother, consented and agreed for her daughter to accompany the defendant, though she herself did not go along. In returning from the watermelon cutting, the defendant's automobile collided with a passenger train at a crossing in the City of Brunswick, and the plaintiff's daughter was killed. The plaintiff brought suit against the railroad company and the defendant here named, subsequently disposing of her claim against the railroad company by accepting a settlement of $20,000, and giving the company in return a covenant not to sue. Thereafter the suit proceeded against Charles Cobb, Jr., and was tried upon the theory that Cobb owed the deceased the duty of exercising merely slight care, and that he would be liable only for gross negligence. The judge submitted the case to the jury on that theory, and they returned a verdict for the defendant. The plaintiff made a motion for a new trial on the general grounds and on one special ground, in which she complained of the failure of the court to instruct the jury, without request, in effect, that the

defendant would be liable for failure to exercise ordinary care. The trial court overruled and denied that motion and the exception here is to that judgment.

Counsel for the plaintiff in error concedes in his brief that no Georgia case has been found exactly deciding the issue here presented. However, he advances the reasoning that an infant of tender years is incapable of consenting to become a guest passenger in an automobile, and that since such an infant could not give consent it necessarily could not be required to withdraw consent during the carriage, and that the duty of the driver, therefore, toward such a passenger ought to be to exercise ordinary care for such passenger's safety. In support of this position counsel cites and relies chiefly upon the cases of Fuller v. Thrun, 109 Ind. App. 407 (31 N. E. 2d 670); and, Kudrna v. Adamski, 188 Ore. 396 (216 P. 2d 262).

If these cases are authority for anything contrary to what is here ruled, it is clear that they are decidedly against the weight of authority. However, in neither of these cases does the rule announced require a contrary result from that here reached. The great weight of authority in jurisdictions where this question has been decided is that the status of a minor child riding as a passenger in an automobile follows that of its parent or natural guardian, if such parent is also riding with it, and that such parent or natural guardian will be held to have accepted the invitation on behalf of the infant, unless the facts show otherwise. In the Fuller case, the facts showed that there was no acceptance of any invitation to become a guest passenger in the automobile of the defendant, but that the defendant took the injured child to ride in his automobile contrary to the express instructions of the parent. In the Kudrna case, the mother was accompanying the injured child, but the circumstances were such, and the decision was based on the fact, that she herself was not a guest passenger in the automobile but rather had some other status, since the automobile belonged to her husband and the driver thereof was driving it as the agent and servant of her husband and not as her host. See Welker v. Sorenson, 209 Ore. 402 (306 P. 2d 737).

In disposing of and answering the contentions of the plain-

tiff in error, this court can do no better than to quote from the exhaustive and well reasoned opinion of the Supreme Court of Iowa in the case of Horst v. Holtzen (1958 Iowa), 90 N. W. 2d 41. In that case, Justice Thompson speaking for the court said: "There is a considerable volume of authority upon the question of a minor of tender years qualifying as a guest under the statutes which have been adopted generally in the various states. Some of them require in effect an invitation and an acceptance, as for example California and Nebraska. It is argued by the appellant here that being a guest implies an invitation, express or implied, and an acceptance; and that a thirteen day old infant is incapable of accepting, and so cannot be a guest. Except for dicta found in a few cases, there are none which hold flatly that such a child may not under some circumstances be a guest. Other cases, relied upon by the defendant-appellee, say that the acceptance may be by the parent or other person having legal custody and care of the infant. The cases cited by the plaintiff are, without exception, those in which a child was taken into an automobile, absent its natural guardians or any consent or approval from them, or, as in Hart v. Hogan, 173 Wash. 598, 24 P. 2d 99, in which the accompanying parent was herself not a guest. There is, in fact, in the latter case an intimation that the child's status follows that of the parent. Likewise in Kudrna v. Adamski, 188 Or. 396, 216 P. 2d 262, 16 A. L. R. 2d 1297, from which the plaintiff quotes, the driver of the car was not its owner, but was operating it at the request of the father and mother of the injured infant because the father, who was the actual owner, was not able to make the trip. There is dictum which supports plaintiff's position; but the case has been distinguished and an opposite result reached in the later case of Welker v. Sorenson, 209 Or. 402, 306 P. 2d 737, 738. The Oregon Supreme Court pointed out, in the later case, that in the Kudrna case the mother herself was not a guest, and that it had there said: 'We do not decide that a child of tender years cannot, under any circumstances, be a guest.' It held in the Welker case that when the child was riding with its mother, who was a guest, her children, in her custody, were also guests.

"The plaintiff relies largely upon two cases: Rocha v. Hulen, 6 Cal. App. 2d 245, 44 P. 2d 478, 483; and Fuller v. Thrun, 109 Ind. App. 407, 31 N. E. 2d 670. It will be observed that neither of these cases was decided by a court of last resort. In neither case was the injured child accompanied by its natural guardian, nor was there any evidence of consent of such guardian to the acceptance of the ride. There is dictum in each case which says that an infant incapable of accepting an invitation to ride cannot be a guest, under the wording of the particular statute involved. The distinction is pointed out in the later case of Buckner v. Vetterick, 124 Cal. App. 2d 417, 269 P. 2d 67, 69. The California statute, Section 403, West's Ann. Vehicle Code, defines a guest as one who 'accepts a ride in any vehicle upon a highway without giving compensation for such ride.' 'Accepts', it is urged, implies an invitation and an acceptance, and a small child, being incapable of consenting, cannot become a guest. The Buckner case, supra, points out that many important decisions, such as whether an operation shall be performed or other medical services rendered, are made constantly and necessarily for minors by their parents. To this might be added decisions as to what church, and what school, the child shall attend; where it shall live, in what amusements it may indulge, what journeys it may take, and a host of other important determinations. There seems no good reason why the natural guardian, usually the parent, could not accept an invitation to ride gratuitously in a motor vehicle, for the child. Buckner v. Vetterick so holds. We are pointed to no case in which the consent of the parent was actually given in which it was held that the child was not a guest. In this category is the recent case of Green v. Jones, Colo., 319 P. 2d 1083, 1086. It is there flatly stated, it is true, that 'To achieve the status of "guest" there must be an invitation, expressed or implied, and an acceptance, formal, informal, or by act or deed.' The case then goes on to say that the injured child, aged two years, could not accept an invitation and so could not be a guest. She had been left overnight with her grandmother, who on the next morning undertook to transport her in her automobile, and in so doing injured her. There is no showing whether the trip was with the consent of the child's parents. It is of course

for the Colorado court to interpret the statutes of its own state; but so far as its opinion holds an invitation and acceptance are always necessary to create a 'guest' relationship, or that where the statute makes such a requirement a parent or other natural guardian may not accept for the child, we do not agree. The strong currents of authority and logic are both, we think, to the contrary.

"In addition to Welker v. Sorenson and Buckner v. Vetterick, both supra, there are many cases holding that a child of tender years may be a guest. Many of these cases say that no invitation, implied or express, or acceptance are necessary to create the guest status. The Arkansas Supreme Court has said: 'It will be observed that in defining a guest the statute makes no exception in favor of minors and we have no authority to write that exception into the statute.' Tilghman v. Rightor, 211 Ark. 229, 199 S. W. 2d 943, 945.

"In Morgan v. Anderson, 149 Kan. 814, 89 P. 2d 866, 868, in construing a statute reading: '. . . (a) person who is transported by the owner or operator of a motor vehicle, as his guest, without payment for such transportation . . .' said: 'The weight of authority is that a minor as well as an adult can be a "guest" even though unaccompanied by parent or guardian and even though no express consent of parent or guardian has been shown.'

"The Texas Court of Civil Appeals was faced with an interesting situation involving the question whether one incapable of assenting to transportation or accepting an invitation to ride could be a guest, in Linn v. Nored, Tex. Civ. App., 133 S. W. 2d 234, 237. There the appellant contended he could not have been a guest because at the time he rode he was so intoxicated he was incapable of knowing what he was doing or of assenting to anything. The court found no merit in this position, holding: 'Our guest statute clearly provides that the creation of the relationship is based upon the fact that no consideration is paid for the transportation; . . .' . . .

"The Authorities holding that under some circumstances a small child incapable of assenting to becoming a guest in a motor vehicle is not a guest under the statutes operate only in a narrow

field. Language used in some of them tends to make an otherwise simple question complicated and confused. Properly classified they fall into two overlapping categories: cases in which the child was incapable of accepting an invitation to ride and was not in charge of a natural guardian who accepted for him; and cases in which the statute itself defined a guest as one who accepts an invitation. Whether, so distinguished and classified they are sound, we are not called upon to determine. But the rule when neither of these conditions exists is clear. As the Arkansas Supreme Court cogently remarked in the passage quoted above, the statute makes no distinction between adults and minors, and the courts have no right to amend the statute by so doing.

"A 'guest', as defined by Webster's New International Dictionary, 2d Edition, is: 'A person entertained in one's house or at one's table; a visitor entertained without pay; hence, a person to whom the hospitality of a home, club, etc., is extended.' Highly significant is the definition given in 2 Restatement, Torts, page 1272, sec. 490: 'The word "guest" is used to denote one whom the owner or possessor of a motor car or other vehicle invites *or permits* to ride with him as a gratuity, . . .' (Italics supplied.) Under this definition mere permission is sufficient to constitute a free-rider a guest. Either invitation or permission is sufficient to create the relationship. The definition has been referred to, with approval, by the Supreme Court of Illinois in Miller v. Miller, 395 Ill. 273, 69 N. E. 2d 878, 882.

"The record in the case at bar shows without dispute that plaintiff's mother asked the defendant, via telephone, for the ride to the meeting of the church society. This emphasizes the permissive rather than the invitational feature of the transportation. Of a somewhat similar factual situation, the Massachusetts Supreme Court has said: 'He did nothing and said nothing to invite them, and the nearest analogy that occurs to us is that of a self-invited guest, whose presence the host acquiesces in and whose enjoyment he seeks to promote, or that of a gratuitous bailee.' West v. Poor, 196 Mass. 183, 81 N. E. 960, 11 L. R. A. (NS) 936, 937.

"Blashfield's Cyclopedia of Automobile Law and Practice,

Permanent Ed., Vol. 4, Sec. 2351, says this: '. . . where, by statute or common law, gross negligence or wanton, willful or reckless misconduct is essential to the existence of liability on the part of a host to a gratuitous invitee, the rule applies with full force, although the guest is an infant . . .' "

While the rule applicable in this State results from court decisions rather than from legislative enactment, this fact does not alter the applicable principles.

Following the reasoning of the Iowa Supreme Court in the Horst case, this court holds that the deceased daughter of the plaintiff who was riding with the defendant at his invitation, and for her own pleasure and benefit and bestowing upon the defendant no benefit in compensation for such ride, with the possible exception of such as might naturally accrue to him in enjoying the pleasure of her company, and who was riding by and with the consent of her mother, was a guest passenger in the defendant's automobile to whom the defendant owed only a duty of exercising slight care for her safety, and the trial court did not err in submitting the case to the jury upon that theory. It follows that the trial court did not err in overruling the sole special ground of the motion for a new trial.

The evidence authorized the verdict and the trial court did not err in overruling the general grounds of the motion.

*Judgment affirmed. Gardner, P. J., Nichols, Bell and Frankum, JJ., concur. Felton, C. J., and Townsend, J., dissent.*

FELTON, Chief Judge, dissenting. *Code* § 105-1803 provides: "As a general rule there can be no tort committed against a person consenting thereto, if that consent is free and not obtained by fraud, and is the action of a sound mind. The consent of a person incapable of consenting, such as a minor, may not affect the rights of any other person having a right of action for the injury."

In my opinion the rationale of the above Code section and the decisions of our courts on the questions of the guest rule, consent to torts and assumption of risks is that a guest in a motor vehicle consents to any tort committed against him by ordinary negligence or assumes the risks of injury due to ordinary negligence of the driver. If I am right in this view the rule would

not apply to a minor who is incapable of consenting to be a guest and to torts due to ordinary care. It would therefore follow, under the provisions of the Code section that a mother can recover for a tortious death of her child due to ordinary negligence where the child was incapable of consenting. I think it would be against public policy for a mother, guardian or other person standing in loco parentis to give consent to a tort to a child. Consenting for a child to ride with another is not a consent to a tort.

TOWNSEND, Judge, dissenting. The question of whether an operator of a motor vehicle owes slight or ordinary care to a child guest incapable of contributory negligence (*Riggs v. Watson,* 77 Ga. App. 62, 47 S. E. 2d 900), and who is incapable of consenting to be a passenger, brings to my mind the question of what reason exists for holding that an operator is liable for gross negligence only. An invitee on the owner's premises, or anywhere else except in an automobile, is entitled to ordinary care. It appears that the "guest rule" in Georgia grew up as a kind of mistake in the first instance. It has been said it is founded on the common law, but both Alabama and Tennessee, common-law states, follow the ordinary care rule. Neither they nor we have any statute regulating the issue. The first case on the subject was written by Judge Luke in 1921. *Epps v. Parrish,* 26 Ga. App. 399 (106 S. E. 297). He said that the issue appeared to be an open question in Georgia, and cited *Self v. Dunn,* 42 Ga. 528 (5 Am. Rep. 544) as authority for the proposition that actionable negligence must be gross. The *Self* case was an action for loss of personal property by an accommodation ferrier. He was held bound by slight diligence only, the court citing what is now *Code* § 12-302 relating to the liability of a naked depositary. The first Supreme Court case I find on the subject is *Slaton v. Hall,* 168 Ga. 710, 718 (148 S. E. 741, 73 A. L. R. 891) which says merely, without citing authority, that "the Alabama rule applies a higher degree of care than does the rule in Georgia."

I think it inconsistent to require less diligence toward an invitee in an automobile than anywhere else. I would like to restrict the rule as much as possible to make it consistent with

the duty owed invitees generally. No logical reason has been given so far as I know for requiring only slight care of a guest passenger who is an invitee. If one exists, the most reasonable explanation would be that the invitee by accepting the gratuitous invitation accepts the usual and ordinary hazards of automobile traffic and that those hazards may be said to include ordinary negligence on the part of the driver. If this is the proper rationale, then a child who is incapable of giving consent is incapable of agreeing to assume the risks of the driver's ordinary negligence. I think that anyone who takes a young child in his care should owe at least a duty of ordinary care to the child, and that this duty would not be waived whether the mother consented to the child being taken in the automobile or not. I take the position that any person entrusted with a young child owes that child as well as its parents ordinary care for its safety, and that this is true whether it is in an automobile or anywhere else.

*Fountain v. Tidwell,* 92 Ga. App. 199 (4) (88 S. E. 2d 486) is authority for the proposition that it is the duty of the trial court to charge the law applicable to the issues of the case, and that this includes charging that the duty of the defendant to exercise ordinary care in a proper case remains even though the plaintiff's petition is brought on the theory that the defendant owed her only slight care. There is no estoppel on the part of this plaintiff to so contend unless it be that the mother who gave her consent as the plaintiff here suing for the full value of the life of her child is estopped because she predicated her action on the guest rule and gross negligence in the first instance. I recognize that where a plaintiff brings an action on a theory and tries it on that theory, the trial court is led to charge the law applicable to such theory. *Fountain v. Tidwell,* 92 Ga. App. 199, supra, was an action on behalf of the mother for the full value of the life of her deceased child. However, the petition of the mother here states the facts under which the child was riding with the defendant as was done by amendment in the *Fountain* case. There the charge of gross negligence remained unchanged after amendment.

Accordingly, I feel that although the trial court was led into

error, the error nevertheless exists because it is my position that any rule requiring less than ordinary care toward a six-year-old child taken into custody, care and control by another from that of a parent is inhumane. That such child is taken into an automobile does not change my views. I think such a person owes ordinary care to the child from the time he takes it from the parent until he returns it regardless of the place or method employed.