**Lloyd R. BRYANT et al., Appellants,**

v.

**Ricky Don ADAIR et al., Appellees.**

**No. 4591.**

Court of Civil Appeals of Texas, Eastland.

Feb. 9, 1973.

Rehearing Denied March 2, 1973.

Fanning & Harper (Harlan Harper, Jr.), Dallas, for appellant.

Thompson, Knight, Simmons & Bullion (David S. Kidder and John Mackintosh, Jr.), Dallas, Pat McClung, Dallas, for appellee.

BROWN, Justice.

Lloyd R. Bryant and Betty J. Bryant together with their two children were passengers in a vehicle owned and operated by L. C. McCain which was involved in a collision with a vehicle driven by Ricky Don Adair and owned by his father, Virgil D. Adair. This suit was for damages for the personal injuries sustained by Lloyd and Betty Bryant and for the death of their minor daughter, Becky Ann Bryant.

When plaintiffs rested, the court granted an instructed verdict for defendants McCain and Virgil Adair. Adair's motion was based upon the premise that no negligent entrustment or acts of negligence was shown against him. McCain's motion was founded on the theory that there was no evidence of gross negligence on his part, therefore his defensive plea of guest statute, Article 6701b, Vernon's Ann.Civ.St., was good. Subsequently based on the jury's answers to special issues, judgment was also entered for the defendant Ricky Don Adair.

Plaintiff in this appeal has presented seventeen points of error. The primary thrust of the points is directed to the trial court's action regarding the granting of defendant McCain's motion. The Texas Supreme Court in Harbin v. Seal, 461 S. W.2d 591 (1970) stated:

"Under Art. 6701b, supra, neither a guest in an automobile nor his wrongful death beneficiaries have a cause of action against the host-driver for damages caused by an accident on a street or highway unless the accident was caused intentionally or by the host's heedlessness or reckless disregard of the rights of others. When, as here, it is undisputed that the host did not intentionally cause the accident, a plaintiff, in order to recover damages from the host, must prove that the accident was caused by the host's heedlessness or reckless disregard of the rights of others; or, in other words, by the host's 'gross negligence.' Bowman v. Puckett, 144 Tex. 125, 188 S.W.2d 571 (1945). The term 'gross negligence' has been defined as 'that entire want of care which would raise the belief that the act or omission complained of was the result of a conscious indifference to the right or welfare of the person or persons to be affected by it.' Missouri Pacific Ry. Co. v. Shuford, 72 Tex. 165, 10 S.W. 408 (1888)."

The uncontroverted facts in the case at bar show that the Bryants and McCains were friends. On the night in question, a Sunday, they were returning home from a church service. There is no evidence of any improper driving on the part of McCain prior to the accident. At the place of the collision, the access road to Interstate 365 on which the McCain vehicle was traveling accomodated only North bound traffic and was a two-way roadway. State Highway 352 on which the Adair vehicle was traveling accommodated only West bound traffic and was a five lane highway. It is uncontroverted that McCain failed to

stop at the stop sign and his vehicle was struck approximately in the center of the right side by the Adair vehicle. McCain has no recollection of the accident and no knowledge of the stop sign.

The trial court having instructed a verdict in favor of McCain, to be correct there must be no evidence having probative force upon which a jury could have made the finding of gross negligence. Anderson v. Moore, 448 S.W.2d 105 (Tex.Sup.1969). To make this determination all evidence must be considered in the light most favorable to the plaintiffs and every reasonable inference deducible from the evidence is to be indulged in plaintiffs' favor. Seideneck v. Cal Bayreuther Associates, 451 S.W.2d 752 (Tex.Sup.1970); Triangle Motors of Dallas v. Richmond, 152 Tex. 354, 258 S. W.2d 60 (1953).

Plaintiffs contend McCain's actions in running the stop sign, at night, onto a five lane State Highway, were such facts and circumstances that the trial court erred in not submitting the issue of gross negligence of McCain to the jury.

In a stop sign case dealing with the Texas Guest Statute, Rogers v. Blake, 150 Tex. 373, 240 S.W.2d 1001 (1951), the Supreme Court stated:

"In discussing the meaning of 'gross negligence' this Court has said: 'It is to be observed that the definition quoted uses the words 'conscious indifference,' thus stressing the mental attitude of the person charged to have been grossly negligent. Gross negligence is positive or affirmative, rather than merely passive or negative as ordinary negligence often, and perhaps usually, is. * * * Mere indifference is not enough. The indifference must be *conscious*. *The indifference is to the rights or welfare of the person or persons who may be affected by the act or omission.* * * *

* * * From this unbroken line of decisions, it is now the settled law of this

state that *momentary thoughtlessness, inadvertence, or error of judgment do not constitute 'heedlessness or reckless disregard of the rights of others' within the meaning of this statute;* * * *

We think the fallacy of petitioner's reasoning is that she contends a conscious failure to stop at the stop sign; i. e., a conscious violation of the law requiring one to stop at the stop sign, constitutes gross negligence on the part of the respondent, whereas the law is that there must be a 'heedlessness and reckless disregard of the rights of other', which a conscious failure to stop, standing alone, does not show."

The Texas Supreme Court in Harbin v. Seal, supra, a case in which the evidence showed the defendant was driving at a minimum of 80 miles per hour, at night, on a narrow street in a residential area, stated:

"What is controlling is that there is evidence that respondent *consciously* propelled his automobile at a speed of 80 miles per hour in the nighttime, while realizing the danger and knowing that he was approaching a curve on a narrow street in the middle of a residential area of town."

■ We conclude in the case at bar there is no evidence of probative force that McCain consciously propelled his vehicle through the stop sign nor is there evidence McCain realized the danger nor knew that he was approaching a stop sign. We hold the trial court correctly granted defendant McCain's motion for an instructed verdict.

Plaintiffs urge that the Texas Guest Statute, Article 6701b, has no application to the minor Becky Ann Bryant. The statute in part reads:

"No person transported over the public highways of this State by the owner or operator of a motor vehicle as his guest without payment for such transportation, shall have a cause of action for damages against such owner or operator for injuries, death or loss, in case of accident, unless such accident shall have been intentional on the part of said owner or operator, or caused by his heedlessness or his reckless disregard of the rights of others."

■ We find no Texas case directly in point but the majority of the states having either identical or very similar guest statutes to the Texas statute have determined that minors are not excepted from the operation of the statute. 16 A.L.R.2d 1304; Buckner v. Vetterick, 124 Cal.App.2d 417, 269 P.2d 67 (1954); Chancey v. Cobb, 102 Ga.App. 636, 117 S.E.2d 189 (1960). We agree with the rule announced by the majority. Plaintiffs' point is overruled.

Plaintiffs argue that the jury's answers to special issues inquiring as to the conduct of defendant Ricky Don Adair regarding lookout, speed, failure to sound his horn, and failure to apply his brakes were against the great weight and preponderance of the evidence. We have carefully considered the entire record and hold that the jury's findings are not against the great weight and preponderance of the evidence. In re King's Estate, 150 Tex. 662, 244 S.W.2d 660 (Tex.Sup.1951).

Having considered all points of error, we find each without merit. The judgment of the trial court is affirmed.