St. Louis-San Francisco Railway Company *v.* Ransom.

Opinion delivered November 17, 1930.

E. T. Miller, E. L. Westbrooke, Jr. and *E. L. West-brooke,* for appellant.

*J. F. Johnston,* for appellee.

HUMPHREYS, J. Appellee brought suit in the circuit court of Craighead County, Lake City District, against appellant to recover damages in the sum of $3,000 for injuries received by him in a collision between appellant's motor train and an automobile in which he was riding at the public crossing east of Monett in said county through the alleged negligence of appellant's employees in approaching the crossing in failing to keep a lookout and ring the bell or blow the whistle.

Appellant filed an answer denying negligence on its part and pleading negligence on the part of appellee as the sole cause of the collision and consequent injury.

The cause was submitted upon the pleadings, the testimony and instructions of the court resulting in a verdict and judgment against appellant for $2,000, from which is this appeal.

The collision occurred on September 25, 1929, at said crossing just as the automobile in which appellant was riding had almost crossed over the track. The train struck the rear wheels of the automobile and carried it

about three hundred feet before coming to a stop, killing the driver and severely injured appellee.

The testimony introduced by appellee tended to show that as the automobile approached the crossing at a reasonable rate of speed the occupants looked and listened for the train, but failed to see it on account of growing cotton and high weeds upon the right-of-way or to hear any warning because the employees failed to blow the whistle or ring the bell on the motor train for the crossing, and that it was possible for them to have observed the automobile in time to stop the train and avoid the collision, had they been keeping a constant lookout, owing to the elevation of the track above the highway.

The testimony introduced by appellant tended to show that the statutory signals were given as the train approached the crossing, and that, although a constant lookout was kept, the automobile was not discovered in time to prevent the collision, notwithstanding the engineer immediately set the brakes in emergency.

Appellant's first contention for a reversal of the judgment is that the court erred in giving instruction number 1, which is as follows:

"You are instructed, if you find from a preponderance of the evidence that the plaintiff was injured by the operation of any train being run on the tracks owned or controlled by the defendant, then you are told that this makes a *prima facie* case of negligence against the defendant, and casts on the defendant the burden of proof to show that the injury complained of was not the result of its negligence, and if you find from the proof in the case that this burden has been met, then it devolves upon the plaintiff to make out its case by a preponderance of the evidence showing some negligence on the part of the defendant, and that the injury complained of was the direct and proximate result of said negligence."

It is argued that the instruction should have told the jury to return a verdict for appellant if they found from the evidence that it was not guilty of negligence.

This is, in effect, what the court told them in the instruction. We cannot agree with appellant that the form of the instruction was prejudicial, as it clearly stated the law. An instruction cannot be said to be prejudicial if it embodies the law applicable to the facts in a given case, even though it might have been framed differently. The matter of form is really immaterial.

Appellant's next contention for a reversal of the judgment is that the court erred in giving instruction number 2 upon the issue of contributory negligence. The instruction follows the statute which provides that one cannot recover for an injury inflicted through the negligence of a railway company if his own negligence contributing thereto was equal to or greater than the negligence of the railway company; but that he might recover in proportion to the degree of negligence if his negligence was less than that of the railway company. The contention is therefore without merit.

Appellant's next contention for a reversal of the judgment is that the court erred in giving instruction number 3 upon the lookout statute and the doctrine of discovered peril. The argument is made that the undisputed evidence showed that a constant lookout was kept, and that, after the presence of appellee was discovered on the track, the employees did all they could to prevent the collision. We cannot agree that the instruction was abstract and therefore improper. On the contrary, the testimony tends to show that, on account of the elevation of the track, appellant's employees might have discovered appellee in time to have prevented the collision, had they been keeping a constant lookout.

The next and last contention of appellant for a reversal of the judgment is that the court admitted evidence relative to the height of the weeds and cotton growing upon the right-of-way. The argument is made that the testimony was not responsive to the issues joined. We think the testimony admissible upon the issue of contributory negligence. If the weeds and growing cotton concealed the train from the view of the occupants of the

automobile as they approached the crossing, certainly it was permissible to show the existence of such obstruction as tending to prove that appellee did not drive upon the track in front of a moving train that he could see by looking. The testimony tended to show that these obstructions prevented appellee from seeing the train as it approached the crossing.

No error appearing, the judgment is affirmed.