No. 34,254

ROBERT MORGAN, a Minor, by His Next Friend, ALICE WEBSTER, *Appellant*, v. P. A. ANDERSON, *Appellee.*

(89 P. 2d 866)

Opinion filed May 6, 1939.

*George R. Lehmberg, J. Rodney Rhoades, Edwin Anderson, Russ B. Anderson* and *Barton Carothers,* all of McPherson, for the appellant.

*C. H. Brooks, Howard T. Fleeson, Carl G. Tebbe, Wayne Coulson, Paul R. Kitch,* all of Wichita, *C. W. Burch, B. I. Litowich, LaRue Royce, L. E. Clevenger, E. S. Hampton* and *R. E. Haggart,* all of Salina, for the appellee.

The opinion of the court was delivered by

HOCH, J.: This was an action for damages brought by a minor for injuries received in an automobile accident. The trial court sustained a demurrer to the petition, and plaintiff appeals.

Appellant, Robert Morgan, was a child seven years old when the accident took place in August, 1937. The action was brought in July, 1938, by Alice Webster, his mother and natural guardian. The record makes no reference to the father. Both sides agree that the sole question presented is whether the child, while a passenger in the automobile, was a "guest" within the meaning of the so-called "guest statute." If he was a "guest," the demurrer was properly sustained. If not, the petition stated a cause of action.

The petition alleged that the child's home was in Wichita, Kan.; that "on or about the third day of August, 1937, and prior thereto" he "had been visiting with the defendant, P. A. Anderson, and with Emma Clareen and Anna M. Johnson," sisters of Anderson, at Lindsborg, McPherson county, Kansas; that in August, 1937, defendant, accompanied by the sisters, started on an automobile trip to the Black Hills of South Dakota, taking the child with them "without the knowledge or consent of his mother and natural guardian"; that the defendant was so crippled that it was not possible for him to use his hands and arms in the normal manner and that in handling the steering wheel he could only move his hands for a short distance at a time; that while driving along an "S" curve on a highway in Wyoming at the rate of fifty or fifty-five miles an hour he lost control of his car and an accident ensued in which the two sisters were killed and the plaintiff was seriously and permanently injured; that the defendant, being physically handicapped as stated, was negligent in taking the child on the trip and in driving in the manner and under the circumstances as set forth.

The petition sets out the Wyoming statute relative to the extent of liability of the owner or operator of motor vehicles for injuries received by passengers who are riding as "guests without payment" for transportation. Such statutes, frequently called "guest statutes" exist in many states. The Wyoming and Kansas statutes are similar, and it is admitted that the result in this case would be the same regardless of which statute was applied. The Wyoming statute is:

"No person transported by the owner or operator of a motor vehicle as his guest, without payment for such transportation, shall have a cause of action for damages against such owner or operator for injury, death or loss, in case of accident, unless such accident shall have been caused by the gross negligence or willful and wanton misconduct of the owner or operator of such motor vehicle and unless such gross negligence or willful and wanton misconduct contributed to the injury, death or loss for which the action is brought." (Wyo. Rev. St. 1931, 72-701.)

The Kansas statute is:

"That no person who is transported by the owner or operator of a motor vehicle, as his guest, without payment for such transportation, shall have a cause of action for damages against such owner or operator for injury, death or damage, unless such injury, death or damage shall have resulted from the gross and wanton negligence of the operator of such motor vehicle." (G. S. 1935, 8-122b.)

Appellant concedes that the petition did not allege facts constituting "gross negligence" or "willful or wanton misconduct" by the defendant, and that if the child was a "guest" within the meaning of the statute no cause of action was stated. Appellant contends, however, that the child was not a "guest" because he was not old enough to give his consent to the trip or "accept" the transportation, and that in order to acquire the status of a "guest" such acceptance is essential.

Since the issue arises on demurrer to the petition, the facts therein alleged must be taken as true. What light do these facts throw upon the situation? Here was a child only seven years of age whose home was in Wichita and who had been at the home of the defendant at the time in question "and prior thereto." Since there was no allegation to the contrary, it must be assumed that the child was with the defendant and his sisters with the consent of the mother. The tender age of the child calls for that conclusion. It is true that the petition alleged that the particular trip in question was taken without the knowledge or consent of the mother, who was living in Wichita, but there was no allegation that when the child was left with the defendant "sometime prior" to the trip, directions or admonitions were given against taking it on any automobile trips. No limited custody was alleged. Defendant's custody under such circumstances certainly implies a reasonable latitude in the care of the child. (*Balian v. Ogassin,* 277 Mass. 525, 179 N. E. 232.) Could it be said that if the defendant took the child on a short ride into the country he would have been acting beyond his authority as custodian? Would a trip to McPherson, the county seat, or to Wichita to see the mother have been an unauthorized act? Just where would a court draw the line and say that an automobile trip without the knowledge and specific consent of the absent mother would be without her implied consent? An accident might happen on the near-by highways of McPherson county as easily as upon those of Wyoming.

Various decisions of state courts are cited by both appellant and appellee. While all of the cases cited and others have been examined, we do not think it necessary to discuss them in detail. The weight of authority is that a minor as well as an adult can be a "guest," even though unaccompanied by a parent or guardian and even though no express consent of parent or guardian has been shown. (*West v. Poor*, 196 Mass. 183, 81 N. E. 960; *Shiels v. Audette*, 119 Conn. 75, 174 Atl. 323; *Audia v. DeAngelis*, 121 Conn. 336, 185 Atl. 78; *Langford v. Rogers*, 278 Mich. 310, 270 N. W. 692.)

Appellant cites three cases from California and one from the state of Washington. In the case of *Crawford v. Foster*, 110 Cal. App. 81, 293 Pac. 841, the injured passenger was an adult and a prospective purchaser of an automobile who was being taken on a demonstration trip. Although he had paid nothing for transportation, the court held he was not a guest within the meaning of the statute. In such a case, however, there was the expectation, on the part of the driver, of possible benefit through the sale of a car. It might perhaps be called a case of potential or constructive payment for the ride. In the two other California cases, *Rocha v. Hulen*, 6 Cal. App. 2d 245, 44 P. 2d 478, and *Kastel v. Stieber*, 215 Cal. 37, 8 P. 2d 474, stress is laid by the court upon the word "accept" in the California statute. The statute covers the case of a "guest" who "accepts" free transportation. Neither the Wyoming nor the Kansas statute has such a provision. In the case of *Hart v. Hogan*, 173 Wash. 598, 24 P. 2d 99, the child and her mother were passengers in a car being driven by the wife of the owner of the car. The mother was employed by the owner as a nurse or companion for his wife. The court held that the mother and child were not "guest" passengers, since the mother was "being carried for the benefit of the wife and of her principal, the husband." The child's status followed that of the mother. The case is therefore clearly distinguishable from the instant case.

We conclude that under the facts as they appear from the petition in this case the child was a "guest" within the meaning of the statute, and since there was no allegation of gross negligence or willful or wanton misconduct the demurrer was properly sustained.

The judgment is affirmed.