## FULLER v. THRUN.

[No. 16,445. Filed February 14, 1941. Rehearing denied May 7, 1941. Transfer denied October 7, 1941.]

*Daly & Freund,* of Valparaiso, *Lee L. Osborn,* of LaPorte (*Earl B. Barnes, Hubert Hickam, Kurt F. Pantzer, Alan W. Boyd* and *Harold R. Woodard,* all of Indianapolis, of counsel), for appellant.

*J. A. Fleishbein* and *John P. Crumpacker,* both of Valparaiso, for appellee.

STEVENSON, P. J.—This action was brought by the appellee, Carolyn Thrun, by her next friend, Walter Thrun, against the appellant, Harry V. Fuller, and one Earl Marti to recover damages for personal injuries received in an automobile accident.

Her amended complaint alleged that on the 6th day of October, 1936, the appellee was an infant of the age of six years; that on said date she was left by her parents in the care and custody of the appellant,

Fuller, for a period of about two hours while her parents were absent. That during said interim, and about the hour of 7:30 p. m., the said Fuller, without the knowledge or consent of the parents, placed this appellee in a certain motor vehicle and proceeded to drive said motor vehicle over the streets of the city of Valparaiso, Indiana. The complaint then alleges that: "By reason of the tender age of this plaintff, said plaintiff was not a guest passenger within the meaning of the laws pertaining thereto but, on the contrary, by reason of her said age, was incapable of consenting to be a guest but was wholly acting on the volition, care and custody of said Fuller, as herein set forth." The complaint further alleged that while said appellee was being so driven by the appellant Fuller in his automobile, a collision occurred between the car in which the appellee was riding and the car driven by the codefendant, Earl Marti, which collision occurred at the intersection of Garfield avenue and Lincoln Way in the city of Valparaiso. Various acts of negligence were charged against both codefendants in the operation of their respective cars; and as a result of such collision, the complaint alleges that she was thrown against the glass and metal parts of the car in which she was riding and sustained severe injuries, cuts, and lacerations about her head and face. The complaint further alleges that such injuries have resulted in disfigurement and impairment of the appellee, which are permanent in nature. The complaint closes with a prayer for judgment in the sum of $10,000.00.

Each of the codefendants, the appellant and Earl Marti, filed answers in general denial. The cause was submitted to a jury for trial, which returned a verdict in favor of the appellee against the appellant, Harry V. Fuller, in the sum of $2,200.00, and also returned

a verdict in favor of the codefendant, Earl Marti. Judgment was rendered upon this verdict; a motion for new trial was filed and overruled, and this appeal has been perfected.

The only error relied upon in this appeal is that the trial court erred in overruling the appellant's motion for new trial. Under this assignment of error, the appellant contends that the verdict of the jury is contrary to law for the reason that the evidence conclusively shows that the appellee was, at the time of her injury, a guest of the appellant and therefore not entitled to recover except upon proof that the accident was intentional on the part of the appellant or caused by a reckless disregard of her rights. The appellant contends that all that the evidence shows in this case is, at most, only ordinary negligence on the part of the appellant for which he is not liable to his guest. Under this contention, objections were made to the giving of certain instructions by the court. Exceptions were further taken to the court's refusal to give certain instructions tendered by the appellant. These instructions submitted to the jury for its determination, the question as to whether or not the appellee was the guest of the appellant on the occasion on which her injuries were sustained.

These contentions present for our consideration the single question as to whether or not a child of tender years, age six, can be a guest as a matter of law of the owner of a motor vehicle under the statute in force and effect on the date of the alleged injury. This statute, in force and effect on October 6, 1936, in the State of Indiana, reads as follows: "That no person who is transported by the owner or operator of a motor vehicle, as his guest, without payment for such transportation, shall have a cause of action for damages

against such owner or operator, for injury, death or loss, in case of accident, unless such accident shall have been intentional on the part of such owner or operator or caused by his reckless disregard of the rights of others." Acts 1929, ch. 201, § 1, p. 679, § 47-1021, Burns' 1933.

The appellant contends that the expression "no person" in the statute above quoted is all inclusive and that the term "guest" includes any person to whom hospitality is extended without pay, regardless of age or mental capacity. The appellee contends, on the other hand, that a child under the age of seven years is incapable of responsibility and accordingly had not mental capacity sufficient to accept an invitation such as would constitute her a guest of the driver within the meaning of the statute.

The appellee further contends that the capacity in which the appellee was riding with the appellant was a question of fact properly submitted to the jury and that the court did not err under the instructions which sought to define the relationship of the owner or operator and guest.

Our attention has been directed to no decision of the courts of last resort in this state wherein the term "guest," as used in the statute above quoted, has been defined. Webster defines the term "guest" as follows: ". . . a visitor entertained without pay, hence, person to whom the hospitality of home, club, etc., is extended."

The term has been defined by courts of other jurisdictions and by text writers as follows:

"The word 'guest' is used to denote one whom the owner or possessor of a motor car or other vehicle invites or permits to ride with him as a gratuity, that is, without any financial return except such slight benefits as it is customary to ex-

tend as part of the ordinary courtesies of the road." Restatement, Torts, Sec. 490a.

". . . a guest in an automobile is one who takes a ride in a car driven by another person, merely for his own pleasure, or on his own business, and without making any return or conferring any benefit on the driver of the car." *Elliott* v. *Camper* (1937), 8 Harr. 504, 509 (Del.), 194 A. 130, 133.

" 'A guest, within the meaning of section 6308-6, General Code, is one who is invited either directly or by implication to enjoy the hospitality of the driver of an automobile, who accepts such hospitality, and who takes a ride either for his own pleasure or on his own business, without making any return to or conferring any benefit upon the driver of the automobile other than the mere pleasure of his company.' " *Voelkl* v. *Latin, Admr.* (1938), 58 Ohio App. 245, 16 N. E. (2d) 519, 523. *Bailey* v. *Neale* (1939), 63 Ohio App. 62, 25 N. E. (2d) 310, 312.

It will be noted that all of these definitions contemplate both an invitation on the part of the owner and an acceptance, on the part of the guest, of such ■ invitation and the hospitality and privileges thereby afforded. It is clear, therefore, that one forced against his will to ride with the driver of a motor vehicle could not be said to be riding as a guest.

May one who is incapable mentally of accepting an invitation to ride become a guest of the operator of an automobile within the meaning of our stat-■ ute? It is our opinion that this question must be answered in the negative.

The court by its Instruction No. 7 informed the jury that:

"A guest under the statute heretofore quoted, is a person who enjoys the hospitality of another, at the invitation, express or implied, of such other person.

"In determining whether Carolyn Thrun was a guest of Harry V. Fuller, at the time of the col-

"lision, you have a right to take into consideration the age of Carolyn Thrun, whether she had mental capacity to accept an invitation to ride with him, whether she was, at the time, subject to his orders, the conditions under which she was left in his custody, if she was so left, and any other facts pertaining thereto, as shown by the evidence."

The evidence discloses that at the time of the injury the appellee was six years of age and had been left by her parents in the care, custody, and control of the appellant for two hours. There is evidence to the effect that the parents instructed the appellant to put her to bed at 7:30 p. m. The evidence is further undisputed that, without the knowledge or consent of the parents, the appellant undertook to drive the appellee to the home of a friend at about the hour of 7:30 p. m. The appellant testified that the appellee was left in his care by the parents, who told him to put her to bed. He further testified that the child asked him to take her on the drive in question and that she "inveigled" him into taking her on the trip.

If, under these facts, the appellee was a guest of the appellant as a matter of law, the court committed reversible error in the giving of its Instruction No. 7. If, on the other hand, the appellee, by reason of its tender years, was incapable of being a guest of the appellant within the meaning of the statute, then the giving of the Instruction No. 7, although erroneous, was not harmful.

It is our opinion that this child, being an infant under the age of seven years, is a person conclusively presumed to be *non sui juris* and therefore incapable in law of accepting the appellant's invitation and hospitality. This conclusive presumption has been frequently applied by our courts in criminal and negligence cases. *Elwood St. R. Co.* v. *Ross*

(1901), 26 Ind. App. 258, 58 N. E. 535; *Terre Haute, etc., Traction Co.* v. *McDermott* (1924), 82 Ind. App. 134, 144 N. E. 620; *Bottorff* v. *South Construction Co.* (1916), 184 Ind. 221, 110 N. E. 977. See also 107 A. L. R. 4, for full annotation.

If children under seven years of age are conclusively presumed to be incapable of committing crime, and if they are conclusively presumed to be incapable of contributory negligence, it would seem that this age limit should also be adopted in determining whether or not a child of tender years can be a guest. This clearly should not be left for the determination of the jury as a question of fact. To say that a babe in arms, who happens to be riding in an automobile, is the guest of the driver on such occasion, takes from the term "guest," as used in this statute, its ordinary and well-accepted meaning. It is clear that a child six months old cannot be a guest. It is only in the custody of the one with whom it is riding. Babies, from the time they are able to talk and walk, frequently beg to be taken for rides in automobiles. Surely the law cannot say that these infants are bound by the same rules that are applicable to persons of mature years who ride in automobiles under circumstances which make the guest statute applicable to them.

The uncontroverted testimony in this case shows that the appellee was left by her parents in the custody of the appellant. This relationship was voluntarily assumed by him and carried with it certain responsibilities. While this child was in the appellant's custody, the appellant owed it a duty to use reasonable care for its safety and protection. This rule has been generally announced in the following language:

"As a general proposition, it may be stated that where one gratuitously undertakes to perform some service or to do some act for another, the common

law imposes the duty to use reasonable care in performing it to avoid harm to the beneficiary of the undertaking. It will be noted that the defendant is not bound to perform the service. It is purely gratuitous. The law does not require affirmative action to avoid harms to others except as an incident to special relationships, but if one assumes to perform the service, his failure to do it properly becomes a misfeasance rather than a mere nonfeasance, and the general principle governing misfeasance is applicable." Sec. 81, Harper's Law of Torts.

It is our opinion, therefore, that the appellee on the occasion in question was not riding in the appellant's automobile as his guest. She was, however, in the appellant's custody, and the appellant as owner and operator of the automobile owed the appellee a duty to exercise that care which a person of ordinary prudence would have exercised under similar circumstances for her safety and protection. Whether such care was so exercised was a question of fact for the jury. This issue was submitted to the jury; and the jury, by its general verdict, found against the appellant thereon. It is our opinion that this verdict was not contrary to law and is supported by sufficient evidence.

The trial court did not err in overruling the appellant's motion for new trial. Finding no reversible error, the judgment of the trial court is affirmed.

Bridwell, J., dissents.

Blessing, J., concurs in result.

NOTE.—Reported in 31 N. E. (2d) 670.