TILGHMAN, ADMINISTRATOR *v.* RIGHTOR.

4-8078                                              199 S. W. 2d 943

Opinion delivered March 3, 1947.

*A. D. Whitehead* and *A. M. Coates,* for appellant.

*Dinning & Dinning,* for appellee.

SMITH, J. Appellees, Mrs. Rightor and Mrs. Thompson, own a plantation 12 miles south of the City of Helena, and appellee Conners was employed by them to operate

a truck and trailer used for general plantation purposes. On the morning of February 23, 1945, Conners was returning in the truck from Helena with a load of cinders for use on the plantation, when he overtook three boys who were going to the home of one of them. Louis Tilghman, Jr., the youngest of the boys, was seven years old, and his brother, Donald, was nine, and the other boy, Lloyd Franklin, to whose home they were going, was about 14 years old.

The boys were walking south on Highway 20, when the truck overtook them just south of the city limits. On a signal from the oldest boy the truck stopped, and the boys got on the trailer, the youngest being assisted by the others in doing so. They took a position on the front end of the trailer bed, sitting on the cinders, with their feet hanging down between the front edge of the trailer bed and the cab of the truck. There is some conflict in the testimony as to the speed at which the truck proceeded down the highway, but this is unimportant, as the speed was not the proximate cause of the incident which occurred, resulting in the death of the youngest boy and which occasioned this law suit.

Conners' son, a young boy, was on the driver's seat, seated between his father and a colored man, so that there was no room for any of the boys to ride on the driver's seat, and for that reason the three boys who were picked up rode on the trailer loaded with cinders.

Conners knew one of these boys, and knew where they would leave the trailer, and as he approached that point, the speed of the truck was reduced until it had all but stopped, and the truck was driven off the road so that only the left wheels of the truck and trailer remained on the road. Without waiting for the truck to come to a full stop, the boys began climbing down from the truck. The youngest boy moved over to the edge of the trailer bed, just behind the cab and fell, or was thrown from the trailer. His jacket caught in the lugs of the wheel, and he was thrown to the pavement, and the front wheels of the trailer passed over his body, inflicting injuries from which he died in about 30 minutes.

The boy's father brought this suit against the owners of the truck, and the driver, to recover damages, and at the trial before a jury, there was a verdict in favor of the defendants, and from the judgment rendered thereon is this appeal.

An answer was filed denying negligence on the part of the driver and denying liability also under the provisions of § 1304 of Pope's Digest commonly referred to as the guest statute, and we think the verdict of the jury is fully supported on either theory.

According to the undisputed testimony the truck did not travel more than two feet after the boy had been run over, and some of the witnesses placed the distance even less. It therefore conclusively appears that the truck was not moving rapidly and the prior speed is therefore unimportant, and the jury might well have found that the truck driver was guilty of no negligence.

The court gave all the instructions requested by appellant except one, which, if given, would have told the jury that appellees "would be liable provided it was found from a preponderance of the evidence that the driver of the defendants' vehicle was guilty of ordinary negligence, provided it was found that such negligence was the proximate cause of the death of the plaintiff's intestate." On the contrary, after refusing this instruction, the jury was instructed that mere negligence, however gross, would not authorize a recovery, unless it was such negligence as to show a willful and wanton disregard of the consequences. Our construction of § 1302, Pope's Digest, another guest statute in the case of *Edwards* v. *Jeffers*, 204 Ark. 400, 162 S. W. 2d 472, and other cases there cited, fully warranted that instruction.

In this connection the court read § 1304, Pope's Digest, which reads as follows: "NO CAUSE OF ACTION BY PERSON RIDING IN MOTOR VEHICLE AS A GUEST. No person transported or proposed to be transported by the owner or operator of a motor vehicle as a guest, without payment for such transportation, nor the husband, widow, executors, administrators

or next of kin of such person, shall have a cause of action for damages against such owner or operator, or other persons responsible for the operation of such car, for personal injury, including death resulting therefrom, by persons while in, entering, or leaving such motor vehicle, unless such injury shall have been caused by the willful misconduct of such owner or operator. And in no event shall any person related by blood or marriage within the third degree of consanquinity or affinity to such owner or operator, or the husband, widow, legal representative, or heirs of such person, have a cause of action for personal injury, including death resulting therefrom, against such owner or operator while in, entering, or leaving such motor vehicle, provided this Act shall not apply to public carriers.''

The preceding § 1303 provides that, ''The term guest as used in this Act shall mean self-invited guest or guest at suffrance.'' Unquestionably the boys were guests within the meaning of this statute. The oldest of them ''flagged'' the truck, thereby soliciting a ride, and there is no contention that any charge was made or expected. The truck was a motor vehicle within the meaning of § 1304, Pope's Digest, as defined in § 6656, Pope's Digest.

An exception was saved to the action of the court in reading § 1304, Pope's Digest, but there was no error in doing so. It is the law and is unambiguous, and it was the duty of the court to declare the law, and reading the statute was the method employed in doing so. *L. & A. Ry. Co.* v. *Woodson*, 127 Ark. 323, 192 S. W. 174; *Kansas City So. Ry. Co.* v. *Whitley*, 139 Ark. 255, 213 S. W. 369; *Graves* v. *Jewell Tea Co.*, 180 Ark. 980, 23 S. W. 2d 972; *St. L. S. F. Rd. Co.* v. *Ransom*, 182 Ark. 701, 32 S. W. 2d 436.

It will be observed that in defining a guest the statute makes no exception in favor of minors and we have no authority to write that exception into the statute. *Sims* v. *Cumby*, 53 Ark. 418, 14 S. W. 623.

In the case of *Shiels* v. *Audette,* 119 Conn, 75, 174 Atl. 323, 94 A. L. R. 1206, the Supreme Court of Errors of Connecticut construed a guest statute somewhat similar to our own, which exempted the driver of a motor vehicle from liability for the injury of a guest except in cases of heedless or reckless negligence, while our statute exempts from liability except for an injury caused by willful or wanton misconduct. In that case, as in this, a father sued for injury to an infant son, but it was held that the statute applied to an infant and many cases were cited to support the statement that "If the injury occurs under such circumstances as do not give the child the right of action for the personal injury, the father cannot recover." In that case the court said: "There was evidence to the effect that the truck was being operated at an average speed of fifteen to twenty miles an hour over a fairly smooth road' on a clear day. There was no evidence that the speed was excessive or that the truck was being operated in a dangerous manner. The only possible claim of fault was that the defendant ought to have been aware of the presence of the boys upon the running board and to have compelled them to either get off or to get on top of the load. This is at most but a claim of negligence." So here. However, in the instant case the boys were seated on the load and the child was not injured until he attempted to get off the truck before it had come to a full stop.

The testimony warranted the jury in finding that there was no evidence of willful or wanton negligence, and the judgment must be affirmed and it is so ordered.