[Civ. No. 20104. Second Dist., Div. Two. Apr. 7, 1954.]

JOANNE BUCKNER, a Minor, etc., et al., Appellants, v. ARNOLD C. VETTERICK, Respondent.

Everett F. Beesley and Everett H. Mills for Appellants.

Lynch & Reilly for Respondent.

FOX, J.—Plaintiffs, who are 15 months and 26 months old, brought this action by their guardian *ad litem* to recover damages for personal injuries sustained in a collision between a Ford car in which they were riding and a truck. The Ford belonged to the defendant but was being driven with his consent by Mrs. Vetterick, who was killed in the accident. The mother of plaintiffs was also injured. The evidence indicates that Mrs. Vetterick was negligent in that she failed to make a boulevard stop. The complaint is based upon simple negligence, and properly so, for there is no suggestion in the evidence that the driver of the car was guilty of either wilful misconduct or intoxication.

Mrs. Vetterick and Mrs. Buckner, mother of the plaintiffs, were sisters. They had lunch at the Buckner home and then set out to visit an antique dealer in Whittier to inquire about prices of certain antique items they possessed. Mrs. Buckner accepted the invitation of her sister to accompany her and took along her two small children, the plaintiffs herein. The accident occurred on the way home after they had visited the antique dealer. Mrs. Buckner paid nothing for the ride.

The court granted a motion for a nonsuit. Plaintiffs appeal from the ensuing judgment.

The nonsuit was granted upon the theory that since the mother was a guest her decision to bring her small children along gave them the same status, viz., that of guests; hence there was no liability since only simple negligence was either alleged or proved.

Plaintiffs challenge the correctness of this ruling on the theory that the children were incompetent to "accept" a ride in an automobile and therefore section 403* of the Vehicle Code is inapplicable. That section provides in effect, that a guest who accepts a ride without giving compensation for such ride has no right of action for damages for injuries resulting from the simple negligence of the driver. The trial court's position is correct.

Statutes "must be construed with their intent and purpose in view and the mischief at which they were aimed"

---

*Section 403, Vehicle Code, reads: "No person who as a guest accepts a ride in any vehicle upon a highway without giving compensation for such ride, nor any other person, has any right of action for civil damages against the driver of such vehicle or against any other person legally liable for the conduct of such driver on account of personal injury to or the death of such guest during such ride, unless the plaintiff in any such action establishes that such injury or death proximately resulted from the intoxication or wilful misconduct of said driver."

(*Evans* v. *Selma Union High School Dist.*, 193 Cal. 54, 57 [222 P. 801, 31 A.L.R. 1121]), for these often throw light upon the sense in which the language is used. ■ The situation which section 403 was designed to correct is well known and admirably stated in *Crawford* v. *Foster,* 110 Cal.App. 81 [293 P. 841], where it is said, at page 87, that "As the use of automobiles becomes more universal, the proverbial ingratitude of the dog that bites the hand that feeds him, found a counterpart in that many cases that arose, where generous drivers, having offered rides to guests, later found themselves defendants in cases that often turned upon close questions of negligence. Undoubtedly, the legislature, in adopting this act, reflected a certain natural feeling as to the injustices of such a situation . . . Doubtless, the legislature intended to change the rule heretofore adopted in this state, that a mere invited guest could recover for simple negligence . . ." ■ Thus, under the legislatively declared public policy of this state, the mother of plaintiffs, who was injured in the accident, cannot recover from the defendant. As their mother she had the responsibility of their care and direction. It was her decision that determined whether they should go on this trip. In accepting the ride for herself and deciding to take the children along she also accepted for them. Otherwise, we would have the anomalous situation of the mother who made the decision being a guest and her infant children not being guests and their status with respect to the operator of the car being different from that of their mother, with the result that during the trip the driver would owe a different degree of care to the children from that which was owed to their mother. Such a differentiation is both illogical and out of harmony with the purpose of section 403 of the Vehicle Code. It would leave a segment of "the mischief" at which the statute was aimed uncorrected. It would therefore seem both reasonable and logical to say that when a parent accepts a ride as a guest of the operator of a motor vehicle and takes along her small children she also accepts the ride for them and they have the same status with relation to the driver on such ride that the parent has. ■ Therefore, since the mother was a guest, the children were guests and none of them could recover as only simple negligence was involved.

Many decisions of more importance and involving greater hazard are made by parents for their small children daily. An example is the right of a parent to consent to an operation on his child and the right of the surgeon to rely on that

consent. (See 70 C.J.S., p. 968.) The same principle prevails where an adult child is an incompetent and has no legally appointed guardian. (*Farber* v. *Olkon,* 40 Cal.2d 503, 509 [254 P.2d 520].) ▮▮▮ Thus a parent may speak and act for his child when the child is legally incapable of acting for itself and others may properly rely on the action of the parent in such circumstances.

Both parties rely on *Rocha* v. *Hulen,* 6 Cal.App.2d 245 [44 P.2d 478]. While this case is not decisive, its rationale is significant. There a 5-year-old girl had been injured at a picnic. *Without the knowledge or consent of her parents* (the father was momentarily taking care of the mother who had fainted), she was being driven to a hospital by the defendant, when a collision, due to defendant's negligence, occurred resulting in further injuries to the child. The court held that the child was not a guest but "simply an involuntary occupant of the vehicle" driven by the defendant. The court pointed out that the child had no legal capacity to give consent; that the Legislature never intended by the guest statute to exempt one from liability for negligent injury to a child of 5 years of age where the child had been taken on the ride by the party "without the knowledge or consent of her father or mother." The rationale of the decision is that if defendant had obtained the consent of a parent of the child he would have had the benefit of the guest statute.

The significance of parental consent is further emphasized in *Kastel* v. *Stieber,* 215 Cal. 37 [8 P.2d 474], where the plaintiff, an 8-year-old girl, had been living with her aunt in the State of Washington for four years. Her father was dead; her mother paid $20.00 a month for her care. The aunt desired to take the child to California on account of her health. She was injured in an accident en route. Since liability was established on the theory that the operator of the automobile was guilty of gross negligence it was unnecessary to consider whether plaintiff was a guest within the meaning of the statute. The court, however, did point out that the mother retained the "say-so" as to the child; that prior to taking the child on the proposed trip to California for her health the mother had told the aunt that the child would be all right in Washington; and that the defendant "did not obtain the consent of the mother . . . to bring her to the state of California, and did not tell the mother of said minor that they were going to California (pp. 42-43)."

Plaintiffs rely on *Kudrna* v. *Adamski,* 188 Ore. 396 [216

P.2d 262, 16 A.L.R.2d 1297]. In that case the parents of the 4-year-old plaintiff had made an appointment for the child with a doctor in Eugene, Oregon, and the trip was made for the purpose of keeping that appointment. The parents had arranged for the defendant, who was the brother of the child's mother, to drive the car which belonged to the child's father. As a result of an accident caused by defendant's negligence, the mother was killed and the child injured. The court held that the defendant-driver was the agent of the child's mother. In such capacity he had no right to say who should ride in the car; hence, he could not have invited the child to ride. Therefore, he was not the child's host and she was not his guest. Furthermore, the mother was one of the driver's employees and not his guest. "The result would be the same," said the court, "if it were held that the child had the same status as its mother, since she was in her mother's immediate custody."

Reference is made by plaintiffs to *Hart* v. *Hogan*, 173 Wash. 598 [24 P.2d 99]. In that case the child and her mother were riding in a car operated by the owner's wife. The mother was employed by the owner as a nurse or companion for his wife. The court held that the mother and child were not "guest" passengers, since the mother was "being carried for the benefit of the wife, and of her principal, the husband." The child's status followed that of the mother. (See analysis of this case in *Morgan* v. *Anderson*, 149 Kan. 814 [89 P.2d 866, 868.)

The judgment is affirmed.

Moore, P. J., and McComb, J., concurred.