WILLIAM P. LYNOTT, by his next friend, Richard B. Lynott, and RICHARD B. LYNOTT and THERESA A. LYNOTT, his wife, Plaintiffs, v. RICHARD L. SELLS, Defendant.

(*July* 9, 1958.)

STOREY, J., sitting.

*Clyde M. England, Jr.,* for the Plaintiffs.

*Ernest S. Wilson, Jr.,* for the Defendant.

Superior Court for New Castle County, No. 675, Civil Action, 1956.

STOREY, J.:

This case arises on plaintiffs' motion for summary judgment on the second affirmative defense contained in defendant's answer.

On July 10, 1955, plaintiffs, Theresa A. Lynott and Richard B. Lynott, accompanied by their five year old son, the plaintiff, William P. Lynott, visited the defendant, Richard L. Sells, at his home at 3705 Shellpot Drive, Concord Manor, Wilmington, Delaware, arriving at the home of the defendant between 2:30 and 3:00 o'clock in the afternoon of the day aforesaid.

At about 5:00 o'clock on said afternoon defendant, Sells, stated that he had to go out and buy some milk for his family and since the defendant's automobile was blocked in his driveway by the automobile of the plaintiffs, Theresa A. and Richard B. Lynott, Sells requested and was granted permission by Richard Lynott to use his car for this purpose.

As the defendant, Sells, prepared to leave the house, he asked the infant William Lynott if he wouldn't like to go along for the ride. Whereupon, Theresa Lynott immediately told Sells that she did not want her son to go since he had never been taken in an automobile with anyone other than his mother and father. Sells replied that he only had to drive a short distance and that nothing could happen to William in that short space of time. Thereupon, at the insistence of Sells and her son, Theresa Lynott reluctantly gave her permission for William to ride with the defendant. The father, Richard Lynott, did not participate in the foregoing discussion or decision. The defendant, accompanied by William Lynott, drove the automobile of the plaintiffs, Richard B. Lynott and Theresa A. Lynott, to the intersection of the Concord Pike and Murphy Road, a short distance from the home of the defendant, where the defendant purchased the milk which he had set out to obtain. The defendant started to return home and was driving in a westerly direction on the westbound lane on the Concord Pike, a divided public highway

in the vicinity of Fairfax, all in New Castle County, State of Delaware. While thus returning home the defendant collided with another motor vehicle as the result of which collision the infant plaintiff was injured.

The defendant, in addition to denying ordinary negligence as alleged in the complaint, asserted 21 *Del. Code*, § 6101(a), Delaware's Guest Statute, as his second affirmative defense.[1] Plaintiff was a guest of defendant within the meaning of 21 *Delaware Code*, § 6101(a) unless a minor is incapable of being a guest within the meaning of the act. Plaintiffs have moved for summary judgment as to this defense under Rule 56, Rules of Civil Procedure, 16 *Del. C. Ann.*, and the question now presented is whether, under the facts not in controversy, the infant plaintiff is a guest within the meaning of the Delaware Guest Statute.

Plaintiffs' first contention may be easily disposed of. They stated that the legislative intent in enacting the Guest Statute was to eliminate collusive litigation and cite *McHugh v. Brown*, 1956, 11 *Terry* 154, 125 *A*. 2d 583. The next step in their reasoning is that, since a child five years of age does not have the mental ability to perpetrate a fraud upon the Court, infants should be excluded from the operation of 21 *Delaware Code*, § 6101(a) as a matter of law.

Plaintiffs overlook the fact that suits of infants are controlled by the "next friend" of the infant and although an infant of five years may not have the mental ability to perpetrate a fraud upon the Court, a "next friend" may well have such an ability.

I find no ambuguity in 21 *Delaware Code*, § 6101(a), and, therefore, agree with the statement made by the Supreme Court

---

[1]"No person transported by the owner or operator of a motor vehicle, boat, airplane or other vehicle as his guest without payment for such transportation shall have a cause of action for damages against such owner or operator for injury, death or loss, in case of accident, unless such accident was intentional on the part of such owner or operator, or was caused by his wilful or wanton disregard of the rights of others."

of Arkansas in *Tilghman v. Rightor*, 1947, 211 *Ark.* 229, 199 *S. W.* 2d 943, 945:

"It will be observed that in defining a guest the statute makes no exception in favor of minors and we have no authority to write that exception into the statute."

■ Plaintiffs next contend that it is implicit in the definition of the word "guest" that there be an invitation and an acceptance thereof and, since an infant of five years of age is incapable of giving consent, such an infant is incapable of being a "guest" under 21 *Delaware Code*, § 6101(a). Plaintiffs rely on the following cases for this view: *Rocha v. Hulen*, 1935, 6 *Cal. App.* 2d 245, 44 *P.* 2d 478; *Fuller v. Thrun*, 1941, 109 *Ind. App.* 407, 31 *N. E.* 2d 670; *Kudrna v. Adamski*, 1950, 188 *Or.* 396, 216 *P.* 2d 262, 16 *A. L. R.* 2d 1297 and *Hart v. Hogan*, 1933, 173 *Wash.* 598, 24 *P.* 2d 99, 101.

The better view, it seems to me, and probably the majority view of American jurisdictions, does not except minors from the operation of Guest Statutes. See *Shiels v. Audette*, 1943, 119 *Conn.* 75, 174 *A.* 323, 94 *A. L. R.* 1206; *Linn v. Nored, Tex. Civ. App.* 1939, 133 *S. W.* 2d 234; *Tilghman v. Rightor*, 1947, 211 *Ark.* 229, 199 *S. W.* 2d 943; *Morgan v. Anderson*, 1939, 149 *Kan.* 814, 89 *P.* 2d 866; *In re Wright's Estate*, 1951, 170 *Kan.* 600, 228 *P.* 2d 911; See *Blashfield*, Automobiles, § 2351.

■ In the jurisdictions which except minors from the operation of the Guest Statute the exception is limited to minors who are guests without parental permission. In the case at bar the undisputed facts are that the minor, William P. Lynott, rode with the defendant with his mother's express permission. *Fuller v. Thrum*, 1941, 109 *Ind. App.* 407, 31 *N. E.* 2d 670, relied upon by plaintiffs, falls within this category. The other three cases cited by plaintiffs are not applicable for the reasons stated by the same California Court that decided *Rocha v. Hulen*, *supra*:

"Both parties rely on *Rocha v. Hulen*, 6 *Cal. App.* 2d 245, 44 *P.* 2d 478, 483. While this case is not decisive, its rationale is significant. There a five-year-old girl had been injured at a picnic. *Without the knowledge or consent of her parents* (the father was momentarily taking care of the mother who had fainted), she was being driven to a hospital by the defendant, when a collision, due to defendant's negligence, occurred resulting in further injuries to the child. The court held that the child was not a guest but 'simply an involuntary occupant of the vehicle' driven by the defendant. The court pointed out that the child had no legal capacity to give consent; that the legislature never intended by the guest statute to exempt one from liability for negligent injury to a child of five years of age where the child had been taken on the ride by the party 'without the knowledge or consent of her father or mother'. The rationale of the decision is that if defendant had obtained the consent of a parent of the child he would have had the benefit of the guest statute.

\* \* \* \* \* \*

"Plaintiffs rely on *Kudrna v. Adamski*, 188 *Or.* 396, 216 *P.* 2d 262, 265, 16 *A. L. R.* 2d 1297. In that case the parents of the four-year-old plaintiff had made an appointment for the child with a doctor in Eugene, Oregon, and the trip was made for the purpose of keeping that appointment. The parents had arranged for the defendant, who was the brother of the child's mother, to drive the car which belonged to the child's father. As a result of an accident caused by defendant's negligence, the mother was killed and the child injured. The court held that the defendant-driver was the agent of the child's mother. In such capacity he had no right to say who should ride in the car; hence, he could not have invited the child to ride. Therefore, he was not the child's host and she was not his guest. Furthermore, the mother was one of the driver's employees and not his guest. 'The result would be the same', said the court, 'if it were held that the child had the same status as its mother, since she was in her mother's immediate custody.'

"Reference is made by plaintiffs to *Hart v. Hogan*, 173 *Wash.* 598, 24 *P.* 2d 99, 102. In that case the child and her mother were riding in a car operated by the owner's wife. The mother was employed by the owner as a nurse or companion for his wife. The court held that the mother and child were not 'guest' passengers, since the mother was 'being carried for the benefit of the wife and of her principal, the husband.' The child's status followed that of the mother. See analysis of this case in *Morgan v. Anderson*, 149 *Kan.* 814, 89 *P.* 2d 866, 868." *Buckner v. Vetterick*, 1954, 124 *Cal. App.* 2d 417, 269 *P.* 2d 67, 69.

For the above reasons, plaintiffs' motion for summary judgment on the second affirmative defense of defendant is denied.