WHITFIELD, BY WHITFIELD HER NEXT FRIEND; WHITFIELD v. BRUEGEL.

[No. 19,693. Filed June 4, 1963.]

*Albert L. Doyle*, of Mishawaka, for appellants.

*Roland Obenchain, Jr., Jones, Obenchain, Johnson, Ford & Pankow*, of South Bend, for appellee.

HUNTER, J.—Brought before us are actions in tort, one brought by a minor, by her next of friend, to recover damages for personal injuries sustained by her on June 10, 1958, while riding in an automobile operated by the defendant, and the other brought by the father of the minor plaintiff to recover his medical expenses. Both cases are based on the defendant's alleged negligence. A verdict for the defendant was directed in each case. Plaintiff's motion for new trial was overruled which led to this appeal.

Plaintiff's allegations in her complaint that

". . . by reason of the tender age of this plaintiff, said plaintiff was not a guest passenger within the meaning of the laws pertaining thereto. . . ."

and

". . . defendant without the knowledge or consent of the plaintiff's father, placed this plaintiff in an . . . automobile, . . . and proceeded to drive said motor vehicle"

and the defendant's answer in denial thereto, presented what we believe to be the controlling question in this case, i.e., *Was the child a guest within the meaning of the guest statute?*

It is our duty to review the evidence most favorable to the appellant to determine whether there was any evidence of probative value or reasonable inferences that could be drawn therefrom, to support plaintiff's allegations. *Bradford* v. *Chism* (1963), 134 Ind. App. 501, 186 N. E. 2d 432, 1 Ind. Dec. 21, and cases cited. With this as a guide the facts of record in the lower court are set out below

so that the questions involved might be more fully understood.

The appellant father stated in his conditional examination (the publishing of which was defendant-appellee's only submission of evidence) that: Barbara Jo (the injured child) visited the home of her great aunt, the defendant, many times; these visits had been made from the time of the child's birth; they would sometimes be for overnight; there was no regular schedule for the visits; the father sometimes knew of the visits and other times the child would go without his knowledge; the father knew that sometimes when the child would visit individuals she would be taken places; he had not given child permission to go to his aunt's (the defendant's) home on date in question; child had gone to defendant's home without permission before; father had never forbidden child to go to defendant's home nor forbidden child to ride in car with defendant; child had often ridden in the car while defendant's husband was driving.

The accident occurred when the defendant's car ran into some other cars parked at the curb. Defendant remembers no other facts about the accident and there were no witnesses to it other than the child.

By the provisions of Acts of 1937, ch. 259, §1, p. 1229, being §47-1021, Burns' 1952 Replacement, it is provided that the owner or operator of a motor vehicle *shall not be liable* for loss or damage arising from *injuries to, or death of, a guest unless* such injuries or death *are caused by the wanton or wilful misconduct* of such operator, owner or person responsible for the operation of such motor vehicle.

Plaintiff's theory is that the child was not a guest within the purview of the above cited statute, because the child could not give the requisite acceptance es-

tablished by *Fuller* v. *Thrun* (1941), 109 Ind. App. 407, 31 N. E. 2d 670. The situation in that case was summarized by the court as follows: a child six years of age was left by her parents in the care, custody, and control of the defendant for two hours. The parents instructed the defendant to put the child into bed at 7:30 p. m. Instead the defendant at about that hour took the child on an automobile ride to the home of a friend (of defendant). This trip resulted in the injury to the child. The court held that the child being under seven years of age was conclusively presumed to be *non sui juris* and therefore incapable of accepting the appellant's invitation and hospitality; such invitation and acceptance thereof being necessary for the establishment of a host-guest relationship. The court was concerned entirely with the question of the *acceptance of the child.* Therefore we feel that the facts in the Fuller case do not warrant its use as an analogous situation.

The case at bar can be decided on the issue *of the parents' consent.* The father had given the defendant unrestricted custody. This custody must necessarily entail a realm of conduct bounded by a reasonable latitude within which to care for the child. *Wendel* v. *Shaw* (1950), 361 Mo. 416, 235 S. W. 2d 266; *Morgan* v. *Anderson* (1939), 149 Kan. 814, 89 P. 2d 866. There seems no good reason why the natural guardian, usually a parent, could not accept an invitation for its child to ride as a "guest" in a motor vehicle. *Horst* v. *Holtzen* (1958), 249 Iowa 958, 90 N. W. 2d 41; *Buckner* v. *Vetterick* (1954), 124 Cal. App. 2d 417, 269 P. 2d 67; *Chancey* v. *Cobb* (1960), 102 Ga. App. 636, 117 S. E. 2d 189; *Lynott* v. *Sells* (1958), 52 Del. 385, 158 A. 2d 583. In this modern age it is most

certainly within reason to expect that an automobile might so be used.

Therefore, as a matter of law the father by permitting an unlimited and unrestricted custody relationship between the defendant and the minor child had implied his consent for the defendant to take the child in the automobile at the time of the accident. Thus, the conclusion is inescapable that the child was a guest within the purview of Burns' §47-1021, *supra*.

Although it is a matter of first impression in this state, it is not without precedent that the distinguishment between unrestricted custody and a strictly limited custody has been made. This distinguishment and the isolating of *Fuller* v. *Thrun, supra,* to situations where there is no question involving parental consent is amply supported by authorities from other jurisdictions and the result reached here is in accord with the vast majority of those authorities.

Our attention is drawn to *Rocha* v. *Hulen* (1935), 6 Cal. App. 2d 245, 44 P. 2d 478; *Kudrna* v. *Adamski* (1950), 188 Or. 396, 216 P. 2d 262, 16 A. L. R. 2d 1297; *Hart* v. *Hogan* (1933), 173 Wash. 598, 24 P. 2d 99. In all of these cases the child was held not to be a guest. However, these cases are all distinguishable either because of the lack of parental consent[1] or because of a special relationship between the parents and the driver (i. e., if the parent and child are both riding, the child follows its parents' status. Thus, if the parent is riding as an employee or principal in a joint enterprise, so is the child.) These cases are not

---

1. *Welker v. Sorenson* (1956), 209 Or. 402, 306 P. 2d 737 and *Buckner v. Vetterick, supra,* cited in opinion above, have distinguished these cases in their respective states in this manner.

only distinguishable but by implication, they support reasoning above.

Directly supporting our result are *Horst* v. *Holtzen, supra; Chancey* v. *Cobb, supra; Morgan* v. *Anderson supra; Wendel* v. *Shaw, supra; Buckner* v. *Vetterick, supra; Balian* v. *Ogossian* (1931), 277 Mass. 525, 179 N. E. 232; *In Re Wright's Estate* (1951), 170 Kan. 600, 228 P. 2d 911.

In the Morgan case the mother of the child left it in the unrestricted custody of the defendant. The defendant took the child on a pleasure and sightseeing trip into another state where the accident happened. The court said "Where a young child, who has been left by the parent or guardian in the unrestricted care and custody of another person, is taken on an automobile trip by such person and is injured in an accident while on the trip, the child is to be considered a 'guest' within the meaning of the ... statute...."

In Re *Wright's Estate*, the mother of the child left it with her parents for a morning. The grandparents decided to take a trip to the local airport. This trip ended in the fatal accident. The court quoted the above language in *Morgan* v. *Anderson, supra,* to find that the child was a guest even though there was no express consent or permission by the parents to the automobile ride.

The Wendel case involved a situation where the defendant was employed to take care of the child and during the period the child was in her custody, she had taken the child on an automobile ride into another state which led to the child's injury. The court said that the transportation of the child was within the implied consent of the mother. (Although the case was taken out from under the guest statute on the gratuitous element.)

The Balian case involved a 4 1/2 year old child who was in the temporary care of its grandmother. The defendant, the grandmother's second husband, happened to see the child playing in the street some distance from his home. He picked the child up and was driving home when the accident occurred. The court said there was implied consent given by the temporary custodian. Thus, the Massachusetts Supreme Court said that where the parents have surrendered temporary custody, the custodian can give the requisite implied consent so that the driver will not be liable for ordinary negligence.

In the Horst case, an infant less than a month old was injured while traveling in a car with her mother and the defendant. The Iowa Supreme Court held that the mother could give the requisite consent so as to put the child under the guest statute. This case was largely quoted and explicitly followed in the Chancey case.

The Buckner case was a case much like the Horst case where the child was riding with its mother and the defendant. The court distinguished the Rocha, Kudrna, and Hart cases much the same way as we did above, and went on to find that consent by the parent would bring the child within the statute.

Other cases have supported the above holding by implication in that they placed a child under the guest statute without even considering the child's age. *Ruett* v. *Nottingham* (1959), 200 Va. 722, 107 S. E. 2d 402; *Shield* v. *Audette* (1934), 119 Conn. 75, 174 Atl. 323; *Johnson* v. *Chi. & N. W. Ry. Co.* (1956), 9 Ill. App. 2d 340, 132 N. E. 2d 678; *Mitzel* v. *Hauck* (1960), 78 S. D. 543, 105 N. W. 2d 378; *Langford* v. *Rogers* (1936), 278 Mich. 310, 270 N. W. 692; *Faleden* v. *Crooks* (1961), 342 Mass. 173, 172 N. E. 2d 686.

Three jurisdictions, when considering statutes similar to Burns' §47-1021, *supra*, have said that if the legislatures have provided no exception to. the guest statutes, the courts could not do so. *Tilghman* v. *Rightor* (1947), 211 Ark. 229, 199 S. W. 2d 943; *Broeliford* v. *Campbell* (Fla. 1956), 89 So. 2d 241; *Lynott* v. *Sells, supra*.

The only case in the country we have been able to discover thus far that is not .in harmony with the above decision is *Green* v. *Jones* (1957), 136 Colo. 512, 319 P. 2d 1083 which comes to just an opposite conclusion. It was disposed of quite conclusively by the Iowa Supreme Court in the Horst case and we quote that court's conclusion:

> ". . . so far as its opinion holds an invitation and acceptance are always necessary to create a 'guest' relationship, or that where the statute makes such a requirement a parent or other natural guardian may not accept for the child, we do not agree. The strong currents of authority and logic are both, we think, to the contrary."

With this we agree.

There was no evidence of wanton or wilful misconduct nor does the appellant in her brief assert that there was any such evidence. Therefore, since we have concluded that the child was a "guest" within the purview of the statute, the plaintiff's cause of action must fail and the other assigned error which involves the doctrine of *res ipsa loquitur* need not be considered as it could not disturb the result.

Therefore the direction of the verdict was in accordance with the law.

Affirmed.

Mote, C. J., Carson, P. J., Clements, Cooper, Kelley, Pfaff, and Ryan, JJ., concur.

NOTE.—Reported in 190 N. E. 2d 670.