KEMP *v.* PARMLEY.

[Cite as Kemp v. Parmley, 17 Ohio Misc. 23.]

(No. 229597—Decided August 18, 1967.)

Common Pleas Court of Franklin County.

*Mr. Russell H. Volkema,* for plaintiffs.
*Messrs. Hamilton, Kramer & Myers,* for defendant.

PETREE, J.  Plaintiff filed motion for judgment upon the pleadings on June 5, 1967.  Although not acted upon or pressed, the court hereby overrules the same for the record.

Defendant filed a demurrer to the petition on June 9, 1967, which was pressed for July 3, 1967.

Demurrer sustained.  Under Section 4515.02, Revised Code, we find Page's case note 147.2 which cites *Lombardo* v. *DeShance,* 167 Ohio St. 431.  This case holds that "the word 'guest' does not require anything more than the giving of such hospitality in order to make the person, receiving and to be benefitted by it, a guest."

At page 435 in the opinion of 167 Ohio St., *supra,* we find:

"Some support for plaintiff's contention is indicated in the annotation at 16 A. L. R. 2d 1304, where it is said that 'the view has been taken * * * that if an infant is of such

tender age as to be legally incapable of "accepting" a ride in a motor vehicle, such infant is not a "guest."' ' However, as indicated in that annotation, that 'view has apparently only been supported by one court of last resort and two intermediate appellate courts and it has apparently been rejected by at least two courts of last resort.

'' * * *

"After referring to the similar decision in *Rocha, a Minor,* v. *Hulen,* 6 Cal. App. 2d 245, 44 P. 2d 478 (1935), the Oregon court said:

" '[It] * * * is sought to be distinguished because the California statute reads, "any person who as a guest *accepts* a ride in any vehicle" * * *; while our statute does not contain the word "accepts." But * * * this court has defined a guest as one who "accepts" a ride, so that the suggested ground of distinction does not exist.'

"A similar result was reached in *Fuller* v. *Thrun,* 109 Ind. App. 407, 31 N. E. 2d 670 (1941), by so construing the word 'guest.'

"However, it has been held by other courts that a child of tender years may become and be a guest although it does not have the mental capacity to accept an invitation. *Morgan, a Minor,* v. *Anderson,* 149 Kan. 814, 89 P. 2d 866 (1939); *Tilghman, Admr.,* v. *Rightor,* 211 Ark 229, 199 S. W. 2d 943 (1947); *In re Wright's Estate,* 170 Kan. 600, 228 P. 2d 911 (1951—saying as to four-year-old child, 'the weight of authority is that a minor * * * can be a guest even though unaccompanied by parent or guardian, even though no consent of parent or guardian is shown')."

This would seem to settle the matter by unanimous opinion of our Supreme Court which concurred in Judge Taft's opinion referred to above.

In the absence of any allegations of wanton or willful misconduct, the guest statute relieves defendant of liability to the eight-year-old child or her parent.

Exceptions may be noted.