RAWLS, Judge
(dissenting).
Florida Statutes § 320.59 provides in part :
“No person transported by the owner or operator of a motor vehicle as his guest or passenger, without payment for such transportation, shall have a cause of action for damages against such owner or operator for injury, death or loss, in case of accident, unless such accident shall have been caused by the gross negligence or willful and wanton misconduct of the owner or operator of such motor vehicle, * * (Emphasis supplied.)
*459 In the instant cause we find Donnie Jean Cook, a person being transported as a guest passenger. The clear mandate of the cited statute, in my opinion, leaves no other recourse than to hold that the minor child is subject to the unequivocal provisions of same.
Brailsford v. Campbell, 89 So.2d 241 (Fla.1956), controls the question presented. In construing the guest passenger statute (F.S. § 320.59 F.S.A.), the Supreme Court, speaking through Mr. Justice Roberts, stated:
“The Guest Statute in express terms applies to ‘a cause of action for damages * * * for injury, death or loss * * *.’ * * * Guest statutes were designed to relieve owners and operators of automobiles of the consequences of ordinary negligence to guest passengers. * * * It was also clearly intended to apply to actions for ‘injury, death or loss’ involving a minor child who is a guest passenger, since it specifically excepted from its provisions ‘school children * * * being transported to or from schools * * * ’ and thus, by implication, includes within its terms all other minor children.” (Emphasis supplied.)
Although the minor child in Brailsford was 18 years old, it is apparent from the majority opinion and the dissenting opinion of Mr. Justice Thomas that the question of consent by a minor child of tender years was weighed by the court in reaching its conclusion. The dissent states, inter alia:
“ * * * To illustrate the position, let us suppose that a babe in arms, incapable of accepting an invitation to ride as a guest, hence of consciously entering the host-guest relationship, were killed by ordinary negligence of the driver of a car, why should the parents be prevented from recovering.”
Even though the majority of the court was squarely confronted with this concise hypothetical question, it clearly stated that the guest passenger statute includes within its terms all other minor children.
The majority of other jurisdictions that have considered the question are of the view that children of tender years are subject to the provisions of similar statutes. In Lynott v. Sells (1958) 2 Storey 385, 52 Del. 385, 158 A.2d 583, which involved a five year old child, the court stated:
“The better view, it seems to me, and probably the majority view of American jurisdictions, does not except minors from the operation of Guest Statutes. * * * ”
Likewise, Tilghman v. Rightor (1947) 211 Ark. 229, 199 S.W.2d 943, held that the guest statute made no exception for minors and that there was no authority to write an exception into the statute.
In Whitfield v. Bruegel (1963) 134 Ind.App. 636, 190 N.E.2d 670, it was stated:
“There seems no good reason why the natural guardian, usually a parent, could not accept an invitation for its child to ride as a ‘guest’ in a motor vehicle. Horst v. Holtzen (1958), 249 Iowa 958, 90 N.W.2d 41; Buckner v. Vetterick (1954), 124 Cal.App.2d 417, 269 P.2d 67; Chancey v. Cobb (1960), 102 Ga.App. 636, 117 S.E.2d 189; Lynott v. Sells (1958), 2 Storey 385, 52 Del. 385, 158 A.2d 583.”
And to like effect, in Buckner v. Vetterick (1954) 124 Cal.App.2d 417, 269 P.2d 67 (cited in above quotation), a California appellate court in considering a fifteen month old child and a twenty-six month old child, stated:
“Many decisions of more importance and involving greater hazard are made by parents for their small children daily. An example is the right of a parent to consent to an operation on his child and the right of the surgeon to rely on that consent. See 70 C.J.S. Physicians and Surgeons § 48, p. 968. The same principle prevails where an adult child is an incompetent and has no legally appointed guardian. Farber v. Olkon, 40 Cal.2d 503, 509, 254 P.2d 520. Thus a parent may *460 speak and act for his child when the child is legally incapable of acting for itself and others may properly rely on the action of the parent in such circumstances.”
The guest passenger statute has been termed “the worst legal monstrosity on the statute books” and legal writers have constantly and vociferously urged that it be repealed. (See 11 Florida Law Review 287.) The Legislature, however, has not repealed this controversial statute, but to the contrary has continued its provisions as a part of the statutory law of this state. It is not the function of the judicial branch of government to usurp the legislative power.
■ Associate Judge Melvin, speaking for this Court in Jacobs v. State, 248 So.2d 515 opinion filed May 25, 1971, stated: “The law is certain. The duty of this Court is clear.” It is my opinion that the application of the subject statute in the instant case is certain and the clear duty of this Court is to apply the provisions of same as written. I would affirm the judgment of the trial court.