## Staunton

### Ida Doerr v. Johnnie A. Barnes, Administrator of the Estate of Laura Snow Hethcox, Deceased.

September 4, 1956.

Record No. 4536.

Present, All the Justices.

The opinion states the case.

*Spencer Gill* (*Rixey & Rixey*, on brief), for the plaintiff in error.

*William R. Breedlove*, for the defendant in error.

SPRATLEY, J., delivered the opinion of the court.

This is a proceeding instituted by Johnnie A. Barnes, Administrator of the estate of Laura Snow Hethcox, deceased, against Ida Doerr for the recovery of damages for the alleged wrongful death of his decedent resulting from injuries suffered in an automobile accident. Mrs. Hethcox was a guest passenger in the automobile, which was owned and operated by the defendant. Defendant filed an answer

and grounds of defense denying that she was guilty of gross negligence, and charging that the decedent was guilty of contributory negligence. At the conclusion of plaintiff's evidence, the trial court overruled a motion of defendant to strike the evidence. The defendant duly excepted and offered no evidence. The jury returned a verdict for the plaintiff in the sum of $7500, and we awarded writ of error.

Several errors are assigned; but the controlling question is whether or not the evidence, considered in the light most favorable to the plaintiff, is sufficient to establish that Mrs. Doerr was guilty of gross negligence in the operation and management of her automobile. § 8-646.1, Code of 1950.

The facts are without material conflict. The accident happened on the night of June 2, 1953, in the City of Portsmouth, Virginia. On that night Mrs. Hethcox had attended a meeting of the members of her Sunday School class at the home of Mrs. Doerr's mother. When the meeting adjourned, Mrs. Doerr, the defendant, offered to drive Mrs. Hethcox and some of the other ladies present to their homes in her automobile. Five of the ladies accepted and got in the car. Mrs. Doerr, as driver, took the left front seat under the steering wheel, Mrs. Hethcox the center front seat, Mrs. Phoebe Staples the right front seat, and the other three ladies the rear seat. Mrs. Staples was seated on the right end of the front seat because she was badly crippled, and it was intended to take her home next after they had gone to the home of Mrs. Saunders, one of the rear seat passengers.

The automobile was a 1952 Hudson Hornet, two-door sedan, equipped with an automatic gear shift, called a hydromatic drive. Its gear selector has shifts for four positions: neutral, low, drive, and reverse. Pressure applied to the accelerator when the car is in low gear causes it to go forward and as the pressure is increased, the motor power increases and the gears are shifted to the higher grades.

Mrs. Doerr drove first to the home of Mrs. Saunders, one of the rear seat passengers, and Mrs. Saunders there got out of the automobile. En route to the home of Mrs. Staples, where the remaining passengers were to alight, someone suggested that Mrs. Hethcox be next taken to her home.

Mrs. Doerr testified that upon arriving in front of Mrs. Hethcox's house, she found several cars already parked at the curb, so she stopped her car in the street to the left of one of the parked cars; that she believed she moved the gear selector of her car to neutral, but did not

"exactly" remember whether she did or not; that leaving her motor running, she pulled up her emergency hand brake as far as it would go, and turned on the lights in the car; and that she then stepped out of the car, held the left front door open with her left hand, and reached in with her other hand to help Mrs. Hethcox get out on the left side so as not to disturb Mrs. Staples, the crippled passenger, who was seated on the right end of the front seat.

After the above preparations, Mrs. Hethcox placed her hand on the steering wheel and began to slide under the wheel, and as she moved her body to the left, the motor of the car began to "roar," the automobile suddenly started forward, and the left door "slammed" shut. Mrs. Doerr, standing outside of the car, vainly tried to grab the door and screamed, "Take your foot off the gas." The car continued forward about a city block, picked up speed, mounted the curb of the street, knocked down a mail box, and came to rest against a house porch, which was heavily damaged.

Two of the passengers in the car corroborated Mrs. Doerr's statement that the car suddenly started forward immediately after Mrs. Hethcox put her hand on the wheel and began to move towards the left side of the car. One of them said that when the car started Mrs. Hethcox exclaimed: "What am I doing? What have I done?" and she replied, "Move your foot quick." Another passenger said: "The car kind of jerked just a little and started off slowly and picked up speed as it went along."

A police officer, upon arriving at the scene, found Mrs. Hethcox under the steering wheel. He said she had slid down from the seat, and her knees were "partially jammed" beneath the dashboard and her head "partially jammed against the back cushioned part of the seat," her body lying at an angle, with her feet "more to the right side of the car."

Another witness, who was the first person to get to the car immediately after the happening of the accident, said she was "in the center under the dashboard; shoulders and head on the seat."

Mrs. Hethcox was badly injured and her death resulted almost immediately. She was eighty-two years of age, hard of hearing, walked with a cane, and was ruptured. Although accustomed to riding in an automobile, she had never driven one.

Mrs. Doerr testified that when the gear selector is in drive position, with the motor running, the car would stand still, unless pressure should be applied to the gas accelerator.

Two automobile mechanics testified they were familiar with the mechanical operation of the type of automobile involved, and that if the transmission mechanism is properly adjusted, the car will stand still with its gear in neutral position with the motor "idling;" and that if the emergency brake lever has been pulled up as far as it can go, slight pressure on the accelerator will not cause the car to move, while stronger pressure will "choke the motor."

One of the above mechanics was a witness to the accident. He said that the car passed within five feet from where he was, and his attention was attracted to it by hearing it "roar," and seeing a woman standing in the street crying out "Somebody stop that car." He said further that the motor was "roaring wide open," and the car was running at an estimated speed of fifty miles per hour.

Plaintiff contends that, under the circumstances, Mrs. Doerr was guilty of multiple acts of omission and commission, each of which in itself was an act of ordinary negligence, and that their cumulative effect evinced a form of recklessness as amounted to a total disregard and complete neglect of the safety of her guest. He complains that Mrs. Doerr was negligent in stopping her automobile in the street out from the curb, in leaving its gear selector in drive position, in leaving its motor running, and in failing to apply its emergency brake effectively.

The stopping of the Doerr car away from the curb was not a proximate cause of the accident. The distinct and efficient cause was the acceleration of its motor power while the gear selector was in the drive position. All of the negligence charged resolves itself into but one proposition: Was the defendant, under the circumstances stated, guilty of gross negligence in leaving the engine of her car running without the certainty that its gear selector had been placed in neutral position?

The undisputed evidence shows that Mrs. Doerr pulled up her emergency brake as far as she could; that she knew that her car, with its selector gear in the drive position, would stand still unless pressure was put on the accelerator; and that the stopped car did not move forward until Mrs. Hethcox began to slide her body under the steering wheel. The high speed attained by the car showed that there was continuous and increased pressure on the accelerator.

It is evident from the allegations of plaintiff's motion for judgment that this proceeding was instituted upon the theory that the forward motion of the automobile was caused by someone applying pressure

on its accelerator pedal. The facts support his theory and the conclusion that it was Mrs. Hethcox who applied that pressure. Although no one saw her put pressure on the accelerator, the inferences to be drawn from the physical facts and circumstances indicate that she did, just as strongly as direct evidence to that effect.

Plaintiff cites and relies on *Drumwright* v. *Walker*, 167 Va. 307, 189 S. E. 310 and *Mitchell* v. *Wilkerson*, 193 Va. 121, 67 S. E. 2d 912. Each of these cases is distinguishable on its facts from the present case. In the *Drumwright* case, *supra*, there were at least four separate acts of negligence, the cumulative effect of which the jury found to amount to gross negligence. Likewise in the *Mitchell* case, *supra*, there were four separate and distinct acts of negligence, including violations of statutes regulating the operation of motor vehicles.

This case is controlled by the principles stated in *Hershman* v. *Payne*, 196 Va. 241, 83 S. E. 2d 418. There Mr. Justice Miller reviewed our decisions dealing with the degree of negligence necessary to constitute gross negligence as applied to guest cases. In summation, he said that, in the final analysis and weighing of the evidence, the question is not what or how many acts of negligence have been proved, but is whether the acts of commission or omission proved "show such utter disregard of prudence as to constitute total indifference and complete disregard of the safety" of the guest.

Although Mrs. Doerr might have more carefully assured herself that she had put the gear selector in neutral position, there is nothing to show that her conduct amounted to an utter disregard of prudence, or to a "wilful and wanton disregard of the safety" of her passengers. Her conduct in applying the emergency brake as strongly as she could and turning on the lights in the car negatives a total indifference and complete disregard of the safety of her guests. These acts indicated prudence and thoughtfulness.

For the foregoing reasons, we are of opinion to reverse the judgment of the trial court, and enter final judgment for the defendant, Mrs. Doerr.

*Reversed and final judgment.*